No. 87-288

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

ILENE COX AND ELEANOR DUNN,

       Plaintiffs and Appellants,

  -vs-

GILBERT MYLLYMAKI, EVAN H. GRAY,
and EUGENE MYLLYMAKI,

       Defendants and Respondents.

_____

APPEAL FROM:  District Court of the Eighth Judicial District,
              In and for the County of Cascade,
              The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Kelly A. Jenkins, Helena, Montana
          George Richardson, Richardson and Richardson;
          Butte, Montana

     For Respondent:

          John F. Iwen, Great Falls, Montana

_____

Submitted on Briefs:  February 4, 1988

Decided:  April 6, 1988

Filed: 4/6/88

*Ethel M. Harrison*

_____
Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

Plaintiffs appeal the decision of the District Court of the Eighth Judicial District, Cascade County, granting defendants motion to dismiss for failure to prosecute pursuant to M.R.Civ.P. 41(b).

The plaintiffs filed their complaint in the underlying cause on July 30, 1984. The first defendants were served on August 15, 1984. The defendants filed an answer October 31, 1984 and filed an amended answer five days later. In September 1984, plaintiff Cox, who along with Dunn was named as an heir in Lempi Matilla's will, filed for appointment as special administrator for the estate of Lempi Matilla. Matilla was the most recent decedent and sole heir of William Matilla, whose estate is the subject of the underlying cause. The underlying cause involved alleged improprieties in the documentary transfer of William Matilla's land and alleged subsequent fraud in the administration of Lempi Matilla's estate. Cox's petition was denied by the probate court, so she appealed the decision to the Montana Supreme Court. The Supreme Court upheld the probate court on May 9, 1986. See In the Matter of the Estate of Lempi Matilla, Deceased (Mont. 1986), 718 P.2d 343, 43 St.Rep. 797. The defendants filed their motion to dismiss for want of prosecution under M.R.Civ.P. 41(b) on December 29, 1986. On May 18, 1987 the District Court granted defendants' motion to dismiss for failure to prosecute.

The issue on appeal is whether the District Court committed reversible error when it granted the defendants' motion to dismiss for failure to prosecute pursuant to M.R.Civ.P. 41(b). We reverse.

Rule 41(b), M.R.Civ.P., governs the dismissal of a claim for failure to prosecute.

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.

The granting of a motion to dismiss for failure to prosecute will not be overturned unless there is an abuse of discretion. "It is within the discretion of the trial court to dismiss an action if it has not been prosecuted with reasonable diligence. It is presumed that the trial court acted correctly and its decision will not be overturned without a showing of an abuse of discretion." Cremer v. Braaten (1968), 151 Mont. 18, 19-20, 438 P.2d 553, 554.

However, a judge's discretion is not unlimited and it must be remembered that courts "exist primarily to afford a forum to settle litigable matters between disputing parties. (citations omitted)" Brymerski v. City of Great Falls (1981), 195 Mont. 428, 431, 636 P.2d 846, 848. The factors to be weighed when determining whether a district court has abused its discretion include: ". . . the plaintiff's diligence, the trial court's need to manage its docket, the danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and the existence of warning to the party occasioning the delay." Hamilton v. Neptune Orient Lines, Ltd. (9th Cir. 1987), 811 F.2d 498, 499.

One factor, the plaintiff's diligence, is a balance of unreasonable delay, prejudice to the defendant, and the existence of excuse for delay. Where there is unreasonable delay, prejudice to the defendant is presumed and the plaintiff must show an excuse for the inactivity. The burden shifts when a reasonable excuse is presented. Timber Tracts,

Inc. v. Fergus Electric Cooperative, Inc., (Mont. 1988), 45 St.Rep. 415, ____ P.2d ____. A reasonable excuse is one that is not frivolous ". . . where a plaintiff has come forth with an excuse for his delay that is anything but frivolous, the burden of production shifts to the defendant to show at least some actual prejudice." Nealy v. Transportation Maritima Mexicana, S.A. (9th Cir. 1980), 662 F.2d 1275, 1281. The plaintiffs present the excuse that they were pursuing a collateral action. Plaintiff Cox was attempting to be appointed special administrator of the Lempi Mattila estate, which would have affected her position in this underlying action. This excuse accounts for much of the delay and is not frivolous. The burden then shifts and defendants have not demonstrated any actual prejudice. "A weak excuse may suffice if there has been no prejudice; an exceedingly good one might still do even when there has been some." Nealy, 662 F.2d at 1280 quoting Larios v. Victory Carriers, Inc., (2nd Cir. 1963), 316 F.2d 63, 67.

Two other important factors, the availability of alternative sanctions and the existence of a warning to the party causing the delay were not considered in this case. The granting of a dismissal pursuant to Rule 41(b) is more difficult to sustain when there is no warning and no exploration of possible alternative sanctions. Hamilton, 811 F.2d at 500. In view of all these considerations there was an abuse of discretion by the trial court. Reverse.

_____
Justice

We Concur:

_____
Chief Justice

4

John Conway Harrison

_(signature)_

William E Hunt

John J Sheehy

L. C. Gulbrandson

Justices