No. 88-327

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

JAMES THOMAS and LINDA THOMAS,

   Plaintiffs and Appellants,

   -vs-

KENNETH R. WILSON,

   Defendant and Respondent.

---

APPEAL FROM:   The District Court of the Sixteenth Judicial District,
               In and for the County of Custer,
               The Honorable M. James Sorte, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

      Patten Law Firm; James A. Patten, Billings, Montana

   For Respondent:

      Crowley, Haughey, Hanson, Toole & Dietrich; Sherry
      S. Matteucci, Billings, Montana

---

Submitted on Briefs:   Dec. 22, 1988

Decided:   January 30, 1989

Filed

FILED
'69 JAN 30 AM 10 53
ED S... CLERK
MONTANA SUPREME COURT

_____
                Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

James and Linda Thomas appeal from a judgment of the Sixteenth Judicial District, Custer County, Montana. Appellants' legal malpractice action against respondent Kenneth R. Wilson was dismissed with prejudice for failure to prosecute under Rule 41(b), M.R.Civ.P. We affirm.

Appellants filed a complaint and jury demand on September 9, 1985, against attorney Wilson. The complaint alleges Wilson committed legal malpractice in his representation of the appellants in a civil suit filed against them in Richland County, Montana. Appellants alleged Wilson failed to respond properly to discovery; failed to resist a motion for partial summary judgment, which eliminated the appellants' counterclaim; and failed to keep the appellants informed of the progress of the matter and misled them as to the status of the case. Appellants alleged these failures constituted malpractice which forced them into an unfavorable settlement of the suit.

On September 9, 1985, appellants also filed two motions for substitution of judge. Upon these motions, Judge Sorte accepted jurisdiction of the action on September 12, 1985.

On October 25, 1985, respondent filed an answer and counterclaim in which he denied the allegations of malpractice and sought attorney's fees and expenses for his representation of the action. On November 5, 1986, respondent filed requests for admission and production, and interrogatories. On December 3, 1986, appellants responded to the request for admission only. On March 9, 1987, respondent filed a second request for production and a second set of interrogatories. No further responses were made. On July 6, 1987, respondent filed a brief in support of motions

to compel answers to the interrogatories and to dismiss for failure to prosecute pursuant to Rules 41(b) and 37(d), M.R.Civ.P., although the District Court file does not reveal whether these motions were made.

On July 8, 1987, Judge Sorte ordered appellants to file exceptions or objections to respondent's first interrogatories no later than July 21, 1987. On July 27, 1987, appellants filed answers to respondent's first interrogatories. Because appellants' attorney would be called to testify at trial, he moved to withdraw from the case, and the motion was granted, on October 21, 1987.

On April 6, 1988, respondent renewed his motion to dismiss for failure to prosecute. After the motion to dismiss was set for hearing, appellants filed a motion for trial setting on May 2, 1988. While there is no transcript of the hearing on the motion to dismiss, Judge Sorte considered the evidence and heard the parties by way of a telephone conference call. On May 18, 1988, Judge Sorte entered a judgment of dismissal for appellants' failure to prosecute pursuant to Rule 41(b), M.R.Civ.P.

The parties agree that it is within the sound discretion of the District Court whether to dismiss a case for failure to prosecute. While no precise rule or formula sets forth what period of inactivity is necessary to find a failure to prosecute, it is well established that the court's decision will not be disturbed on appeal absent a clear abuse of discretion. Cook v. Fergus Electric Cooperative, Inc. (Mont. 1988), ____ P.2d ____, 45 St.Rep. 2285; Timber Tracts, Inc. v. Fergus Electric Cooperative, Inc. (Mont. 1988), 753 P.2d 854, 45 St.Rep. 415.

Conspicuously missing from this case is any reasonable excuse for the appellants' lack of prosecution. Although appellants argue they have diligently pursued prosecution of

3

this action, the facts reveal that very little activity followed the filing of the complaint. Appellants conducted no discovery and delayed response to nearly all of the discovery requests. While a plaintiff is not required to use discovery, he or she must respond to those requests filed by the defendant. If appellants' were ready to proceed against the respondent, they should have attempted to bring this case to trial long before their motion for trial setting was filed on May 2, 1988. As stated in Cook, supra:

> [W]e note that no discovery had been conducted . . . If the discovery had been completed, plaintiffs had a duty to pursue the prosecution and bring the case to trial. If discovery was not complete, it was their duty to see steps were taken to ensure it was conducted. Rule 41(b), M.R.Civ.P. The plaintiffs pursued neither course of action, showing the court no indication of their desire to bring the case to trial.

Cook, _____ P.2d at _____, 45 St.Rep. at 2288.

Finally, appellants argue their delay should be excused because they were without counsel since October 21, 1987, when their counsel withdrew from the case. Although there is some evidence the appellants were still being advised by their first attorney when the motion to dismiss was filed, the appellants were notified, as unrepresented parties, that they should either obtain new counsel or proceed pro se and make a personal appearance. The appellants chose to proceed pro se and may not now complain they were without counsel.

Since no abuse of discretion has been shown, the judgment of the District Court is affirmed.

Justice

4

We concur:

_____
Chief Justice

_____

_____

_____
Justices