JUSTICE WEBER,
specially concurring:
I do agree with the reversal as required under the majority opinion. In reaching that conclusion, however, I have also considered other factors upon which the majority did not rely.
In particular, I note the complete absence of a warning to the plaintiffs that their action was in danger of being dismissed. Under the facts of this case, it would have been entirely appropriate to give a warning, granting an appropriate period of time in which to actually prosecute the lawsuit. The dismissal and giving of 30 days to respond does not appear to meet the test under these circumstances.
In addition, the record indicates the District Court did not consider any alternate sanctions. As an example, it would have been readily possible in this case to require of the plaintiffs that they be prepared *11 to try the case in a period of time such as 3 months or 6 months and in the event of their failure to be totally prepared for trial, that the case then would be dismissed. Furthermore, under Rule 16, M.R.Civ.R, the District Court has the ability to manage and control the course of this litigation as well as consider appropriate sanctions when discovery is not completed or answered as required.
The majority accepts at face value the testimony of the plaintiffs with regard to their explanation of their actions during the one and one-half years prior to dismissal. I note the testimony contradicts the affidavit of Mr. Budewitz, their attorney. As a result, it is certainly possible that the District Court found their testimony not to be believable. Where the plaintiffs had picked up all of the files and were aware that the files had never been returned to Mr. Budewitz, it is difficult to conclude that they expected Mr. Budewitz to continue as attorney.
For me a controlling factor is stated in Cox v. Myllymaki (1988), 231 Mont. 320, 322, 752 P.2d 1093, 1094, where the Court stated that a judge’s discretion is not unlimited and it must be remembered that courts “exist primarily to afford a forum to settle litigable matters between disputing parties. (Citations omitted.)” I find the facts to be very close in this case, but for these reasons I conclude that we may properly say that there was an abuse of discretion in the dismissal of plaintiffs’ complaint.
JUSTICE BARZ concurs in the foregoing special concurrence.