No. 90-119

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

DOUG JOHNS REAL ESTATE, INC., a Montana Corporation,
     Plaintiff and Appellant,
-vs-
VESTER R. BANTA and THEILA C. BANTA,
     Defendants and Respondents.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and for the County of Flathead,
                The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Daniel D. Johns, Murphy, Robinson, Heckathorn &
                Phillips, Kalispell, Montana

        For Respondent:

                Linda Osorio St. Peter, Missoula, Montana

                                Submitted:  October 11, 1990

                                Decided:    October 30, 1990

FILED
'90 OCT 30 AM 10 47
ED SMITH, CLERK
MONTANA SUPREME COURT

Filed:

_____
              Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

In this case we reverse the order of the District Court, Eleventh Judicial District, Flathead County, which dismissed the plaintiff's complaint under Rule 41(b), M.R.Civ.P. for lack of prosecution.

Doug Johns Real Estate, Inc., (Johns) is a Montana corporation doing business as a real estate broker in Kalispell, Montana. On June 15, 1987, Vester R. Banta and Theila C. Banta executed and delivered to Johns a standard listing contract, listing for sale certain real property owned by them in Flathead County. On August 25, 1987, Johns received and forwarded to the defendants an agreement signed by prospective buyers to purchase the Bantas' property. The agreement of purchase was rejected by the Bantas.

It is apparent from the pleadings that the real estate agent claims that the prospective buyers' agreement to purchase met the terms of the listing agreement. The Bantas contend that the terms and conditions of the proposed purchase agreement did not meet the listing agreement. Johns contends that it has performed its broker's agreement pursuant to the terms of the listing contract and is thereby entitled to a real estate commission equal to 10 percent of the sales price or $3,000.

Johns' attorney made written demand for payment of the commission on November 3, 1987, upon the Bantas who reside in California. Thereafter William L. Feeney, an attorney practicing in Lake Port, California, got in touch with counsel for Johns. Negotiations between counsel apparently failed and Johns' attorney

2

filed a complaint in the District Court against the Bantas on March 30, 1988. A copy of the complaint was forwarded to the Bantas with a request that they acknowledge service as an alternative to being personally served by Johns.

As far as the filings in the District Court record reveal, nothing further occurred in the matter until October 25, 1988, when a written acknowledgement of service was filed on behalf of the Bantas by their local counsel, Linda Osorio St. Peter of Missoula. On November 10, 1988, Bantas' Montana counsel filed an answer and counterclaim. The answer in general denies the allegations of the Johns' complaint, and counterclaims for reasonable attorneys fees and costs.

On September 27, 1989, Montana counsel for the Bantas filed a motion to dismiss for failure to prosecute pursuant to Rule 41(b), M.R.Civ.P. Johns responded to the motion on October 6, 1989, objecting to the motion to dismiss, and requesting that the court issue a scheduling order pursuant to Rule 16(b), M.R.Civ.P. Johns filed a reply to the counterclaim on October 10, 1989.

After briefs were submitted by each counsel respecting the motion to dismiss, the District Court ordered the complaint to be dismissed on January 16, 1990. The principal grounds stated by the District Court for its order follows:

> In the instant case, Plaintiff did nothing after filing his complaint. Service was not perfected on Defendants until seven (7) months after filing the action. He instituted no discovery, made no motion for scheduling order, and failed to respond to the counterclaim until the motion to dismiss was filed. Additionally, Plaintiff has given the court no reason that the action was in a "holding pattern" after he filed a complaint in March,

3

1988. The Supreme Court, in <u>Thomas v. Wilson</u>, ____ P.2d
___, 46 St.Rep. 160 (1989) affirmed dismissal of a
complaint in which the appellant (plaintiff) conducted
no discovery and delayed any response to respondent's
discovery requests. The Court noted a conspicuous
absence of any reasonable excuse for the appellants' lack
of prosecution.

The defendants filed a notice of entry of judgment based upon the January 16, 1990, order of the District Court and Johns timely appealed from the order. Still pending in District Court is the motion of the defendant for summary judgment requesting the District Court to set reasonable attorneys fees for the Bantas.

This Court has had several occasions to deal with involuntary dismissals under Rule 41(b), M.R.Civ.P. See for example Thomas v. Wilson (1989), 236 Mont. 33, 767 P.2d 1343; Chisholm v. First National Bank of Glasgow (1989), 235 Mont. 219, 766 P.2d 868; Timber Tracts, Inc. v. Fergus Electric Co-Op, Inc. (1988), 231 Mont. 40, 753 P.2d 854; Cox v. Myllymaki (1988), 231 Mont. 320, 752 P.2d 1093; Brymerski v. City of Great Falls (1981), 195 Mont. 428, 636 P.2d 846, among others.

The general rules that may be distilled from our cases are that the district court's decision will not be disturbed unless the court clearly abuses its discretion, <u>Timber Tracts</u>, supra; the trial court's discretion should not be disturbed unless there is definite and firm conviction that the district dourt committed a clear error in weighing the relevant factors, Schackleton v. Neil (1983), 207 Mont. 96, 101, 672 P.2d 1112, 1115; courts exist primarily to afford a forum to settle litigable matters between disputing parties, <u>Brymarski</u>, supra; a balance must be struck

4

between judicial efficiency and a plaintiff's right to meaningful access to the justice system, Cook v. Fergus Electric Co-Op, Inc. (1988), 235 Mont. 173, 176, 765 P.2d 1138, 1140; and because an involuntary dismissal is a severe result, courts should refrain from dismissing an action or claim unless there is no other adequate remedy available and the facts sufficiently call for such a result. Chisholm, supra.

The principal point of the District Court's decision, as appears from the paragraph we have set forth above, is that the District Court record revealed no activity concerning the case between the parties for seven months after filing the complaint. It does not appear that the District Court considered, however, in granting the motion for dismissal, copies of letters between the parties which appear to substantiate the contention of Johns' counsel that an attempt had been made to negotiate a settlement of the claim during those seven months. On May 9, 1988, the California counsel for the Bantas, Mr. Feeney, wrote a letter to counsel for Johns, in which the California counsel indicated his understanding from a telephone conversation that Johns' counsel had agreed to an extension of time for the Bantas to respond to the complaint, and "no default will be entered pending the outcome of our settlement negotiations." It also appears true from those filings that counsel for Johns had forgotten that service had not been perfected until he was reminded by Montana counsel in October, 1988. The file does reflect, however, on-going correspondence over the several months between the filing of the complaint and the

5

filing of the the answer and counterclaim with at least one offer of settlement having been made. In a letter of October 17, 1988, Montana counsel for the Bantas acknowledged a letter from Johns' counsel dated October 3, 1988, and stated that service would be accepted on behalf of Mr. and Mrs. Banta. All of this seems in accordance with an apparent understanding between the parties that the first appearance in the lawsuit of the Bantas depended upon the outcome of negotiations between the parties.

A further factor to consider is the effect of an attempt to serve summons and complaint under Rule 4D(b)(i), M.R.Civ.P. That provision allows a plaintiff to serve a defendant by mail with a copy of the summons and complaint together with a notice of acknowledgement to be signed by the defendants. The benefit to the defendants by such a mode of service is that they avoid the payment of costs for personal service which would accrue in the event of an adverse judgment if they did not complete and return the acknowledgement of receipt of summons. Rule 4D(b)(ii), M.R.Civ.P.

It is true, of course, following the acknowledgement of service and the filing of the answer to a counterclaim, that plaintiff did nothing further as far as the District Court file reveals, until the motion for dismissal was made. Thereupon Johns promptly filed a reply to the counterclaim, and asked that a scheduling order be entered by the District Court. While no discovery had been attempted by either party, it is also true that the modest amount of damages sought perhaps did not merit discovery beyond presenting to the District Court a pure question of law as

6

to whether the proffered purchase agreement met the terms of the listing agreement so as to entitle one party or the other to judgment. Under Chisholm, supra, there was another adequate remedy available here, for the District Court could simply have scheduled the case for trial under Rule 16(b)(4), M.R.Civ.P.

This Court has held that another factor to consider in determining whether an involuntary dismissal is properly granted is whether there has been a prior warning to the party occasioning the delay. Cox, 752 P.2d at 1094; Becky v. Norwest Bank Dillon, et al. (Mont. 1990), _____ P.2d _____, 47 St.Rep. 1795, 1799. In the circumstances of this case, a warning would have been appropriate.

Counsel for appellant has argued that a ten-month delay from the acknowledgement of service to the motion for dismissal is not a long enough delay to require an involuntary dismissal, and has cited to us examples of longer delays appearing in the several cases, some of which are cited above. We will not involve ourselves with that contention in this case. At the time the District Court made its order of dismissal, this case was at issue, although Johns' reply was prompted by the motion to dismiss, and an adequate remedy was available to set the cause for trial and determine the legal issue involved. On that basis we determine that the District Court abused its discretion and reverse the order of involuntary dismissal. Cause is remanded to District Court for further proceedings.

_____
John C. Sheehy
Justice

We Concur:

7

John Conway Harrison

Diane G. Barz

R. C. McDonough

_____
Justices