NO.   93-047

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

ROBERT **WESTLAND** and
**WESTLAND** RANCH, INC.,
a Montana corporation,

    Plaintiffs and Appellants,

    -vs-

GERALD WEINMEISTER and
UNITED GRAIN CORPORATION,

    Defendants and Respondents.

APPEAL FROM:   District Court of the Fifteenth Judicial District,
                In and for the County of Roosevelt,
                The Honorable M. James **Sorte,** Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

            Robert Hurly, Attorney at Law, Glasgow, Montana
            Peter 0. Maltese, Attorney at Law, Sidney, Montana

        For Respondents:

            K. Dale Schwanke: **Jardine,** Stephenson, Blewett &
            Weaver, Great Falls, Montana

Submitted on Briefs:   June 10, 1993

Decided:   July 20, 1993

FILED

Filed:   JUL 2 0 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice John Conway Harrison'delivered the Opinion of the Court.

Robert Westland and Westland Ranch, Inc., appeal from an order of the Fifteenth Judicial District Court, Roosevelt County, dismissing their claims for failure to prosecute. We affirm.

In May 1985, appellants (Westland) delivered approximately 17,000 bushels of wheat to an elevator operated by United Grain Company at Macon, near Wolf Point, Montana. Elevator personnel issued scale tickets showing a net delivery of 16,236 bushels and mixed Westland's wheat with other wheat for shipment and sale. As the parties did not agree on the grade and price of Westland's wheat, the elevator continued to credit 16,236 bushels to Westland. Westland was billed periodically for storage costs.

On February 17, 1987, Westland filed this action against United Grain Company and its manager, Gerald Weinmeister (collectively, United Grain), complaining that United Grain had willfully converted its wheat and requesting judgment for actual, compensatory, and punitive damages. United Grain admitted commingling and selling Westland's wheat but denied that it was required to store it separately or to redeliver it to Westland on demand. It counterclaimed for Westland's unpaid freight and storage charges.

Westland served interrogatories in February 1987: United Grain responded in April. United Grain served interrogatories in May 1988; Westland responded in June. No further discovery was undertaken until October 1990.

The District Court conducted a scheduling conference by telephone on May 2, 1989. The parties agreed to complete discovery by August 11, 1989; this deadline was extended to November 1989 on United Grain's motion. On November 22, 1989, United Grain moved to extend the deadline another 120 days. The court issued an order on December 5, 1989, extending the discovery deadline "indefinitely." Westland wrote letters to the court concurring in both extensions.

In October 1990, United Grain deposed several witnesses, including appellant Robert Westland. Westland deposed respondent Weinmeister in February 1991. Westland took no further action in this case until United Grain moved to dismiss the complaint in 1992.

On June 12, 1992, United Grain moved to dismiss Westland's complaint for failure to prosecute, pursuant to Rule 41(b), M.R.Civ.P. Westland did not file a formal response, but on August 6, 1992, its lawyer telephoned Judge Sorte to ask for an extension of time to respond, until August 21, 1992. Judge Sorte apparently agreed to this extension. Nevertheless, he entered an order dismissing the complaint on August 13, 1992. Westland wrote to the judge reminding him that he had granted an extension, and on August 21, 1992 it filed its brief responding to United Grain's motion to dismiss.

On September 8, 1992, the District Court vacated its order dismissing the complaint, saying that it had issued that order "inadvertently and by mistake." United Grain's motion to dismiss

3

was denied, and Westland was ordered to arrange a pre-trial scheduling conference as soon as possible.

Two days later, United Grain filed its response to Westland's August 21 brief, and on September 25, 1992, the District Court reinstated its judgment of dismissal, announcing that "the court now being fully advised has determined that its initial decision to dismiss [Westland's] complaint and claims and to enter final judgment was correct." Westland appealed.

The sole issue on appeal is whether the District Court abused its discretion in dismissing Westland's complaint for failure to prosecute.

Rule 41(b), M.R.Civ.P., authorizes a district court to dismiss an action for failure to prosecute. It provides in pertinent part:

> For failure of the plaintiff to prosecute . . . a defendant may move for dismissal of an action or of any claim against the defendant. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.

A district court has broad discretion in determining whether to dismiss, and its decision will be overturned only if it has abused that discretion. Shackleton v. Neil (1983), 207 Mont. 96, 101, 672 P.2d 1112, 1115; Thomas v. Wilson (1989), 236 Mont. 33, 35, 767 P.2d 1343, 1344.

In deciding whether a district court has abused its discretion in dismissing an action for failure to prosecute, we consider the following four factors:

> 1) the plaintiff's diligence in prosecuting his claims:
> 2) the prejudice to the defense caused by the plaintiff's delay; 3) the availability of alternate sanctions; and 4)

4

> the existence of a warning to plaintiff that his case is
> in danger of dismissal.

Becky v. Norwest Bank Dillon, N.A. (1990), 245 Mont. 1, 8, 798 P.2d 1011, 1015. We consider these factors in light of public policy considerations that favor a plaintiff's right to a hearing on the merits, balanced against the trial court's need to manage its docket and the general policy of encouraging prompt disposition of lawsuits. Becky, 798 P.2d at 1015.

First, the party moving for dismissal must demonstrate that the plaintiff has unreasonably delayed prosecution of his claim. Becky, 798 P.2d at 1015. An unreasonable delay raises a presumption of prejudice to the defendant and shifts the burden to the plaintiff to show good cause or a reasonable excuse for his inaction. Shackleton, 672 P.2d at 1115.

Here, Westland attempts to justify the delay by listing several occasions on which United Grain moved for an extension of time. United Grain postponed deadlines for responding to interrogatories three times in 1987 and in 1989 moved twice to extend discovery deadlines. It also rescheduled depositions on two occasions in 1990.

Westland also cites United Grain's failure to provide information requested in February 1991, during depositions. Westland asked United Grain to document wheat samples it had submitted to the State Grain Laboratory and to provide information as to whether the train loads of wheat in which Westland's wheat had been included were docked for quality. United Grain never provided this information.

5

The District Court concluded that five years (1987-92) is an unreasonably long time in which to bring as simple a case as this one to trial, and that Westland had not offered a reasonable justification or excuse for this delay. We agree.

All of the delays Westland attributed to United Grain, together, account for only a few months out of the five years that elapsed between the filing of the complaint and United Grain's motion to dismiss. Moreover, Westland consented to all of United Grain's requests for extension. Thus, apart from its February 1991 deposition of respondent Weinmeister, Westland did nothing to bring this case to trial between May 1987, when it answered United Grain's counterclaim, and August 1992, when it responded to United Grain's motion to dismiss.

As for the information United Grain failed to provide, Westland itself contributed to this delay by failing to answer United Grain's letter of February 22, 1991, in which United Grain asked Westland to confirm the precise information requested. Nor did Westland follow up with United Grain to obtain the information, or move the court to compel production of documents, during the sixteen months that elapsed between the time of its request and United Grain's motion to dismiss.

We conclude that the District Court did not abuse its discretion in determining that Westland had no reasonable justification or excuse for its failure to prosecute this case between 1987 and 1992.

As for the second Becky factor, prejudice to the defense, the

District Court concluded correctly that United Grain was presumptively prejudiced by the unexcused delay and therefore was not required to demonstrate that its ability to defend was impaired. Becky, 798 P.2d at 1016.

Westland urges us to remand this case for trial because the District Court did not consider the third Becky factor, availability of an alternate sanction. Westland relies on Doug Johns Real Estate, Inc. v. Banta (1990), 246 Mont. 295, 805 P.2d 1301, in which we stated as a general rule that courts should refrain from dismissing an action "unless there is no other adequate remedy available and the facts adequately call for such a result." Doug Johns, 805 P.2d at 1303.

In Doug Johns the district court dismissed a real estate broker's attempt to collect a commission for failure to prosecute, because the broker "did nothing after filing his complaint" and did not even serve the defendants until seven months after filing the action. We reversed, based on letters in the record that appeared to substantiate the broker's contention that the parties had attempted to negotiate a settlement during the seven months. We held that another adequate remedy was available: the district court could have scheduled the case for trial under Rule 16(b)(4), M.R.Civ.P.

Here, no evidence of negotiation appears in the record, nor has either party argued, as the broker did in Doug Johns, that prosecution of the case was contingent on the outcome of negotiations between the parties. Further, the delay in this case

7

is much longer than the delay in Doua Johns, with a concomitant increase in the risk of injury to United Grain. We hold that the District Court did not abuse its discretion in deciding that it had "no other choice" than to reinstate dismissal and enter final judgment against Westland.

Finally, Westland complains that it was not warned that its case was in danger of being dismissed. In Cox v. Myllymaki (1988), 231 Mont. 320, 752 P.2d 1093, we reversed the district court's dismissal for failure to prosecute because it did not consider the important factors of availability of an alternative sanction and the existence of a warning to the party causing the delay. There, however, we reversed primarily because the plaintiff had offered a reasonable excuse for the delay and the defendant had not demonstrated any actual prejudice. Cox, 752 P.2d at 1094; see also Becky, 798 P.2d at 1015, reiterating the same factors.

Here, Westland did not offer a reasonable excuse for its delay. Neither Rule 41(b), M.R.Civ.P., nor Cox mandates dismissal for lack of warning in the absence of a reasonable excuse for the delay. Moreover, Westland had two months to defend United Grain's motion to dismiss, which was filed in June 1992 but not granted until August 1992. The fact that the District Court temporarily rescinded its dismissal, upon reading Westland's brief, indicated that it was susceptible to persuasion, but Westland failed to pursue this apparent advantage and did not even comply with the court's order to arrange for a pretrial scheduling conference in September 1992.

We hold that the District Court did not abuse its discretion in dismissing Westland's claims for failure to prosecute.

AFFIRMED.

We concur:

_____
Chief Justice

_____

_____

_____
Justices

_____
Justice

Justice Terry N. Trieweiler dissenting.

I dissent.

Of the four factors to be considered in determining whether the District Court abused its discretion, three favor reversal of the District Court.

1.    Defendants have shown absolutely no prejudice from the delay to which they contributed and about which they now complain;

2.    No warning was ever given to plaintiffs that their case was in danger of dismissal: and

3.    There was an obvious alternative available to the District Court.  It could simply have set this case for trial and refused any further continuance.

Considering these factors in light of the compelling public policy favoring a party's right to a hearing on the merits, I conclude that the dismissal of plaintiffs' complaint was an abuse of discretion and would reverse the District Court.

_____
Justice

Justice Karla M. Gray joins in the foregoing dissent.

_____
Justice

10

July 20, 1993

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Robert Hurly
Attorney at Law
P.O. Box 1170
Glasgow, MT 59230

Peter 0. Maltese
Attorney at Law
P.O. Box 969
Sidney, MT 59270

K. Dale Schwanke
Jardine, Stephenson, Blewett & Weaver
P.O. Box 2269
Great Falls, MT 59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy