NO. 94-507

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

HOBBLE-DIAMOND CATTLE, CO.,

        Plaintiff and Appellant,

   -vs-

TRIANGLE IRRIGATION CO.,

        Defendant and Respondent.

APPEAL FROM:   District Court of the Sixth Judicial District,
In and for the County of Sweet Grass,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Jock B. West; West, Patten, Bekkedahl & Green,
Billings, Montana

      For Respondent:

          Steven T. Potts; Jardine, Stephenson, Blewett &
Weaver, Great Falls, Montana

Submitted on Briefs:  May 19, 1995

Decided:  July 14, 1995

Filed:  JUL 14 1995

FILED

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Hobble-Diamond Cattle Company appeals from the judgment of dismissal entered by the Sixth Judicial District Court, Sweet Grass County, which was premised on the court's grant of Triangle Irrigation Company's motion to dismiss for failure to prosecute. We reverse.

Hobble-Diamond Cattle Company (Hobble-Diamond) filed this action against Triangle Irrigation Company (Triangle) in 1986, alleging that certain pivots in the irrigation system it purchased from Triangle in 1983 were defective or improperly installed. Shortly before the scheduled trial in 1989, Hobble-Diamond sought leave to amend its complaint to add a claim based on alleged problems with another pivot; the District Court refused to authorize the amendment.

A bench trial in July 1989 resulted in a judgment in Triangle's favor. Hobble-Diamond appealed, raising only the issue of the court's denial of its motion for leave to amend the complaint. We reversed, holding that the court had abused its discretion, and remanded for further proceedings. Hobble-Diamond Cattle v. Triangle Irrigation (1991), 249 Mont. 322, 326, 815 P.2d 1153, 1156. Remittitur issued on September 4, 1991.

Hobble-Diamond moved to substitute the sitting judge and, thereafter, Triangle moved to substitute the judge called in to assume jurisdiction. The Honorable Larry W. Moran assumed jurisdiction on November 15, 1991. Counsel. for Hobble-Diamond was allowed to withdraw on February 21, 1392, and new counsel for

Hobble-Diamond filed an appearance on March 20, 1992. In June 1992, Hobble-Diamond formally requested a scheduling conference.

By oral order and minute entry dated April 22, 1993, the District Court ordered a telephonic status conference for early May 1993; Hobble-Diamond was to initiate the call. The parties also were ordered to file a status report prior to that time; neither party complied. The telephonic conference was rescheduled for May 25, 1993, by request of Hobble-Diamond's counsel and stipulation by Triangle. The May 25 status conference did not take place and the facts regarding why have not been clearly established. The docket does not reflect any attempt to reschedule the conference and, indeed, no further activity occurred regarding the case.

In May, 1994, approximately one year later, Triangle moved for dismissal pursuant to Rule 41(b), M.R.Civ.P., for failure to prosecute. The motion was briefed and orally argued. The District Court orally granted the motion and, after a motion for reconsideration by Hobble-Diamond, entered its memorandum and judgment of dismissal. Hobble-Diamond appeals.

> Did the District Court abuse its discretion in granting Triangle's Rule 41(b), M.R.Civ.P., motion to dismiss for failure to prosecute?

Rule 41(b), M.R.Civ.P., authorizes a district court to dismiss an action for failure to prosecute upon motion of the defendant. The court has broad discretion in ruling on such a motion, and "its decision will be overturned only if it has abused that discretion." Westland v. Weinmeister (1993), 259 Mont. 412, 415, 856 P.2d 1374, 1376 (citations omitted).

Decisions on motions to dismiss for failure to prosecute entail a careful balancing of the competing public policy interests in resolving lawsuits on the merits and encouraging prompt disposition of disputes. Westland, 856 P.2d at 1376 (citation omitted). To that end, we have established four factors to be considered in determining whether a district court abused its discretion in dismissing an action under Rule 41(b), M.R.Civ.P.: 1) plaintiff's diligence in prosecuting the claim; 2) prejudice to the defense caused by plaintiff's delay; 3) availability of alternate sanctions; and 4) existence of a warning that the case is in danger of dismissal. Westland, 856 P.2d at 1376 (citation omitted). We examine the record before us regarding each Westland factor separately in order to properly balance the competing public policy interests at issue, as required by Westland.

With regard to the diligence factor, the District Court observed that Hobble-Diamond purchased the irrigation system at issue in this case in 1983, the action was filed in 1986 and Hobble-Diamond had done nothing since remittitur from this Court in September of 1991. We note that the first two time references are, indeed, correct. They are not, however, relevant here in that time periods prior to remittitur in the first appeal have no bearing on Hobble-Diamond's diligence during the period since remittitur.

Moreover, the District Court's characterization of Hobble-Diamond's total lack of activity for the nearly three years since remittitur is neither correct nor fair to Hobble-Diamond. Hobble-Diamond moved to substitute the sitting judge, substituted counsel

4

and, in June of 1992, requested a scheduling conference. The fact that ten months passed between the request and the minute entry setting up the status conference cannot be attributed to delay by Hobble-Diamond. The same is true of the **time** between the scheduling, and nonoccurrence, of the conference, Thus, based on the record before us, it is clear that the time period appropriate for consideration regarding Hobble-Diamond's lack of diligence in this case is the year which passed between the aborted telephonic conference and Triangle's motion to dismiss for failure to prosecute. Such a period of **time is** not per se unreasonable, although Hobble-Diamond's failure to reschedule the conference after its failure to complete it as ordered cannot be condoned.

Regarding the prejudice factor, while the District Court observed that Hobble-Diamond had not established the reasonable excuse necessary pursuant to Westland to overcome the prejudice presumed by an unreasonable delay (see Westland, 856 P.2d at 1377), the court focused on the actual prejudice it determined Triangle had suffered as a result of Hobble-Diamond's lack of diligence. That actual prejudice was based on the lapse of eleven years since the irrigation system was purchased by Hobble-Diamond, and the sale of the system and resulting lack of availability for trial purposes.

Again, as discussed above, the total lapse of time since the 1983 irrigation **system** transaction upon which this case is based is not relevant in the context of a Rule 41(b), M.R.Civ.P., motion to dismiss for failure to prosecute. The passage of **time** which is

5

relevant to whether Hobble-Diamond's lack of diligence caused actual prejudice to Triangle is the one year period between the aborted telephonic conference in May of 1993 and Triangle's motion to dismiss one year later. While we do not disagree that this case is now somewhat stale, Triangle did not establish actual prejudice caused by the one-year period of delay with which we are concerned. Nor is the fact that the irrigation system may not be available for trial purposes particularly relevant since it appears that the system was sold during the period prior to remittitur in the first appeal. Thus, while the system's possible lack of availability may be problematic to both parties, no prejudice to Triangle in that regard can fairly be said to have resulted from the delay at issue here.

The "availability of alternate sanctions" factor was not directly addressed by the District Court in its memorandum accompanying the judgment of dismissal. The court merely relied on Westland, in which we held that the district court did not abuse its discretion in deciding that it had "no other choice" than to dismiss. See Westland, 856 P.2d at 1378. We have determined above, however, that the District Court relied on inappropriate time periods and erroneously found actual prejudice in ruling on Triangle's motion to dismiss. On that basis, we determine that the one-year period at issue here, much shorter than the overall period at issue in Westland, mandates close consideration of this factor.

The "availability of alternate sanctions" factor recognizes that Rule 41(b), M.R.Civ.P., dismissals should be imposed sparingly

6

and must remain the exception rather than the rule. Here, it is clear that other sanctions were available. The court could have sanctioned counsel and/or Hobble-Diamond for failure to comply with its order placing responsibility for initiating the scheduling conference on Hobble-Diamond. It could have set the case for trial immediately, a remedy we determined was adequate in Doug Johns Real Estate, Inc. v. Banta (1990), 246 Mont. 295, 299, 805 P.2d 1301, 1304.

It also is clear, however, that nothing in the balancing of factors mandated by Westland requires a total unavailability of other sanctions prior to dismissal for failure to prosecute under Rule 41(b), M.R.Civ.P. Indeed, such a requirement would render involuntary dismissal pursuant to Rule 41(b) an impossibility since, as a practical matter, alternative sanctions always would be available to a court. Thus, a total absence of alternative sanctions is not necessary.

An involuntary dismissal is a severe result. See Doug Johns, 805 P.2d at 1303. Under the circumstances presented by this case, we determine that the "availability of alternate sanctions" factor weighs in Hobble-Diamond's favor given the plethora of alternate sanctions and remedies available and the period of delay at issue.

Finally, with regard to the "warning" factor, the District Court gave no direct warning to Hobble-Diamond that its case was in danger of dismissal. Neither Westland nor any rule specifically requires a court to give such a warning, although it is the practice of many trial courts to do so through an order to show

7

cause or other device. While such a warning is the better practice, we are not inclined to impose such a burden regarding the diligent prosecution of a case on the courts. For purposes of considering the <u>Westland</u> factors, however, it is sufficient to observe that the court did not formally warn Hobble-Diamond that its case was in danger of dismissal.

We do not condone counsel's lack of attention over a one-year period to this case in his charge. In considering the <u>Westland</u> factors for purposes of balancing the competing public policy interests in resolving lawsuits on the merits and encouraging prompt disposition of disputes, however, we conclude that the District Court abused its discretion in granting Triangle's Rule 41(b), M.R.Civ.P., motion to dismiss,

Reversed.

We concur.

_____
                Justice

_____
          Chief Justice

_____

_____

_____
                Justices

_____
The Honorable Jeffrey H. Langton,
Judge of the District Court, sitting
for Justice W. William Leaphart

8

Justice Fred J. Weber dissents as follows:

The opinion concludes that, in applying the four _Westland_ factors to this case, the District Court abused its discretion in granting Triangle's Rule 41(b) motion to dismiss. I disagree with that conclusion and, therefore, dissent from the opinion.

It is significant to note that District Judge Moran assumed jurisdiction on November 15, 1991, and Hobble-Diamond had essentially done nothing during the next three years except for the appointment of new counsel.

In the District Court's Memorandum and Judgment of Dismissal dated September 20, 1994, the District Court points out that the case was filed in 1986, more than eight years ago, and arose from defendant Triangle selling plaintiff Hobble-Diamond an irrigation system in 1983. The court points out that shortly before trial, Hobble-Diamond attempted to add another claim based upon alleged problems with pivot number five. The Supreme Court reversed the District Court's 1991 decision because of the failure to permit that amendment. The District Court then stated:

> It is now 1994, and Hobble-Diamond still has not filed _any pleading_ to state a claim based upon pivot no. 5. No discovery has been conducted, and there has been no activity by Plaintiff in this case since 1991, other than its change of attorneys two years ago.
> This case is more than 8 years old; the subject matter is approximately 11 years old. At oral argument it was acknowledged that plaintiff [Hobble-Diamond] has sold the irrigation system and the ranch on which it was located, several years ago. (Emphasis added.)

The court then discussed the rules to be applied and specifically analyzed the case based upon the <u>Westland</u> four factors. The District Court stated in regard to those factors:

Applying the factors set forth in <u>Westland</u>, the Court determines that this action should be dismissed:

1. Plaintiff has not diligently prosecuted its alleged claim. Nearly 11 years have passed since the irrigation system was installed, and more than eight years have passed since this action was commenced. Although the Supreme Court ordered in 1991 that Plaintiff could amend its Complaint to assert a claim based upon pivot no. 5, nearly three more years have now passed with no activity at all. Plaintiff has not been reasonable or diligent in prosecuting its alleged claim. <u>See</u> <u>Westland</u>, 856 P.2d at 1377.

2. Plaintiff's delay in prosecution has prejudiced the Defendant. Hobble-Diamond's unreasonable delay, noted in paragraph 1, "raises a presumption of prejudice to the Defendant and shifts the burden to the Plaintiff to show good cause or a reasonable excuse for inaction." . . [<u>Westland</u>, 856 P.2d at 1377.] Plaintiff's memorandum does not dispute either the presumption or its application here. Plaintiff submitted no affidavit or any discovery or evidentiary material to dispute the presumption that Defendant has been prejudiced. Further, it is readily apparent that Defendant has, in fact, been prejudiced, not only by the long period of time since the irrigation system was sold and installed, but also by Plaintiff's sale of the system several years ago. Such circumstances make it virtually impossible for Defendant to test and inspect the system so as to separate alleged defects from 11 years of use and normal wear and tear.

3. Here, the dismissal sanction should be applied as it was in <u>Westland</u>. There, five years had elapsed between the filing of plaintiff's Complaint and defendant's Motion to Dismiss, and there had been no activity in the case for more than a year. . . Based on those facts, the court had "'no other choice' than to

10

> dismiss and enter final judgment against Westland." . . Here, the facts are even more compelling: Hobble-Diamond filed the action eight years ago and has taken no actin for nearly three years. [Citations omitted.]
>
> 4. The factor of a warning to Plaintiff that dismissal could occur is also controlled by <u>Westland.</u> Here, this Court set a telephone status conference last year, at which it ordered that the parties confer with the Court regarding case status, and the issuance of a scheduling order. <u>Although ordered to do so, Plaintiff never initiated the conference call. Plaintiff made no effort thereafter to reset the aborted status conference, and made no efforts whatsoever in this case, until Defendant filed its Motion to Dismiss.</u> . (Emphasis added.)

> Finally, the Court reminds the Plaintiff that it, not the Court, has the ultimate responsibility to prosecute its claims, conduct discovery, and prepare its case for trial. . .

I conclude that the District Court's analysis of the <u>Westland</u> factors does not demonstrate an abuse of discretion.

Our test is limited to a finding of an abuse of discretion. When I consider all of the facts as set forth in the District Court's memorandum and judgment and the facts emphasized in the opinion, I conclude there is no basis upon which to hold there has been an abuse of discretion.

I dissent.

_____
Justice

11

July 14, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Jock B. West
WEST, PATTEN, BEKKEDAHL & GREEN
Old Chamber Building, Suite. 100
301 North 27th Street
Billings MT 59101

Steven T. Potts
JARDINE, STEPHENSON, BLEWETT & WEAVER
Box 2269
Great Falls MT 59403-2269

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy