JUSTICE LEAPHART,
dissenting.
I concur with the conclusion that McKenzie’s failure to timely respond to the discovery requests constitutes noncompliance with both the rules of procedure and the court’s scheduling order. I further agree that the court did not abuse its discretion in determining that McKenzie’s conduct was sanctionable. I would hold, however, that the District Court abused its discretion in its choice of sanctions; that is, in dismissing the complaint with prejudice.
The Court notes that a dismissal for failure to comply with a Rule 16, M.R.Civ.P., scheduling order is akin to a dismissal for failure to prosecute under Rule 41(b), M.R.Civ.P. The Court cites our decision in Hobble-Diamond Cattle Co. v. Triangle Irr. Co. (1995), 272 Mont. 37, 40, 899 P.2d 531, 533, for the proposition that we review Rule 41(b) dismissals for an abuse of discretion. As noted in Hobble-Diamond, “we have established four factors to be considered in determining whether a district court abused its discretion in dismissing an action under Rule 41(b), M.R.Civ.P.: 1) plaintiff’s diligence in prosecuting the claim; 2) prejudice to the defense caused by plaintiff’s delay; 3) availability of alternate sanctions; and 4) existence of a warning that the case is in danger of dismissal.” Hobble-Diamond, 899 P.2d at 534.
Here we have a period of 16 months in which the plaintiff failed to adequately respond to discovery requests. While I agree that a 16-month delay is sanctionable, I seriously question whether a dismissal with prejudice is appropriate. Although there is no definitive standard as to how long a delay must be before a dismissal is warranted, I note that we have held that dismissal after a delay of “slightly more than two and one-half years” was held an abuse of *518 discretion in Becky v. Norwest Bank Dillon, N.A. (1990), 245 Mont. 1, 8, 798 P.2d 1011, 1016.
Accordingly, given that the 16-month delay was not as egregious as others we have addressed, combined with the fact that the only prejudice to the defendant was the prejudice which is presumed from the delay itself, I would require that the District Court consider alternate sanctions before invoking the extreme sanction of dismissal. “[D]ismissals should be imposed sparingly and must remain the exception rather than the rule.” Hobble-Diamond, 899 P.2d at 535. In Hobble-Diamond, we reversed a dismissal under Rule 41(b) where there had been a one-year delay. We determined that “the ‘availability of alternate sanctions’factor weighs in Hobble-Diamond’s favor given the plethora of alternate sanctions and remedies available and the period of delay at issue.” Hobble-Diamond, 899 P.2d at 535. The 16-month period in the present case is not significantly longer than the 12-month delay in Hobble-Diamond. As in Hobble-Diamond, the District Court should have looked to the plethora of less severe alternate sanctions, for example refusing to allow McKenzie to support designated claims or prohibiting him from introducing designated matters in evidence. Rule 37(b)(2)(B), M.R.Civ.P. For these reasons, I would reverse the dismissal and remand for appropriate alternate sanctions under Rule 37(b)(2), M.R.Civ.P.