No. 00-055

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2001 MT 68N

JOE R. LEE,

Plaintiff and Appellant,

v.

KAY NAYLOR and

DOROTHY NAYLOR,

Defendants and Respondents.

APPEAL FROM: District Court of the Ninth Judicial District,

In and for the County of Teton,

The Honorable Marc G. Buyske, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Joe R. Lee, Choteau, Montana (*pro se*)

For Respondents:

Chris Christensen, Law Offices of Chris Christensen, Conrad, Montana

Submitted on Briefs: August 31, 2000
Decided: April 19, 2001

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Joe R. Lee filed a complaint in August 1985, alleging breach of an agreement between himself and Kay and Dorothy Naylor (the Naylors). In June 1999, the District Court for the Ninth Judicial District, Teton County, dismissed the complaint with prejudice for failure to prosecute. Lee appeals the District Court's order. We affirm.

¶3 Lee raises several issues on appeal, but we hold the following issue to be dispositive:

¶4 Whether the District Court abused its discretion in granting the Naylors' motion to dismiss for failure to prosecute under Rule 41(b), M.R.Civ.P.

**Factual and Procedural Background**

¶5 On March 27, 1981, Lee and Kay Naylor entered into an agreement for the possible sale of real property in Choteau, Montana. The agreement specified that the sale would take place "at the Owner [sic] convenience." In the meantime, Lee agreed to rent the property and a garage located thereon for $75 per month. The agreement did not set forth a legal description specifically describing the property in question, as that property had not yet been surveyed and subdivided from the rest of the Naylors' property.

¶6 Lee characterizes the agreement between the parties as a buy-sell agreement for the purchase of the property. The Naylors characterize the agreement as an agreement to sell the property at some time in the future, contingent on the subdivision of the property.

¶7 Following the signing of the agreement, Kay Naylor inquired about the cost of subdividing the property. He determined that it would be cost prohibitive to subdivide the property in accordance with the requirements of the City of Choteau. Consequently, he informed Lee of his decision not to proceed with subdividing the property. Kay Naylor later claimed that it was his understanding that until such time as the property could be completely surveyed and subdivided, there was no existing parcel of property with a specific legal description that could be sold or transferred.

¶8 In August 1985, Lee filed suit against the Naylors alleging breach of the 1981 agreement. The Naylors answered Lee's complaint in September 1985 with a motion to dismiss for failure to state a claim upon which relief can be granted. The parties subsequently stipulated that Lee could seek permission of the District Court to file an amended complaint. The District Court granted Lee's request and he duly filed an amended complaint.

¶9 The Naylors' depositions were taken in February 1986 and filed with the District Court in April 1986. In June 1986, Lee filed his objection to the still pending motion to dismiss. The District Court denied that motion in January 1987.

¶10 No further action was taken in the case until July 1989, when the Naylors requested a pre-trial conference. However, no pre-trial conference was ever held and the District Court did not set a trial date.

¶11 On January 21, 1998, the District Court issued an order *sua sponte* ordering Lee to show cause why the case should not be dismissed for failure to prosecute. Although Lee failed to respond to the court's order, the court took no further action. In March 1999, the Naylors filed a motion to dismiss the case for failure to prosecute as provided for under Rule 41(b), M.R.Civ.P. Lee filed his objection to the dismissal of this case in April 1999. Both parties filed written memoranda and argument with the District Court in support of their respective positions.

¶12 On June 14, 1999, the District Court issued its order granting the motion to dismiss the complaint in this matter with prejudice pursuant to Rule 41(b), M.R.Civ.P. Lee appeals the District Court's order.

## Discussion

¶13 *Whether the District Court abused its discretion in granting the Naylors' motion to dismiss for failure to prosecute under Rule 41(b), M.R.Civ.P.*

¶14 Rule 41(b), M.R.Civ.P., authorizes a district court to dismiss an action for failure to prosecute upon motion of the defendant. The court has broad discretion in ruling on such motion and its decision will be overturned only if it has abused that discretion. *Hobble-Diamond Cattle Co. v. Triangle Irrigation Co.* (1995), 272 Mont. 37, 40, 899 P.2d 531, 533 (citing *Westland v. Weinmeister* (1993), 259 Mont. 412, 415, 856 P.2d 1374, 1376).

¶15 We noted in both *Hobble-Diamond* and *Westland* that decisions on motions to dismiss for failure to prosecute entail a careful balancing of the competing public policy interests in resolving lawsuits on the merits and encouraging prompt disposition of disputes. *Hobble-Diamond*, 272 Mont. at 40, 899 P.2d at 533; *Westland*, 259 Mont. at 416, 856 P.2d at 1376.

¶16 Consequently, we established four factors to consider when determining whether a district court has abused its discretion in dismissing an action under Rule 41(b), M.R.Civ. P. Those factors are: (1) the plaintiff's diligence in prosecuting the claim; (2) the prejudice to the defense caused by plaintiff's delay; (3) the availability of alternate sanctions; and (4) the existence of a warning to plaintiff that the case is in danger of dismissal. *Hobble-Diamond*, 272 Mont. at 40, 899 P.2d at 534; *Westland*, 259 Mont. at 415-16, 856 P.2d at 1376.

¶17 With regard to the first factor, plaintiff's diligence in prosecuting the claim, the District Court record in the case *sub judice* is bereft of any action in this matter initiated by Lee from the time the court issued its January 1987 order denying the Naylors' motion to dismiss for failure to state a claim, until Lee's April 1999 request for additional time to respond to the Naylors' motion to dismiss for failure to prosecute, a period of 12 years. Moreover, in his affidavit dated April 26, 1999, Lee admits that he was not diligent in moving his case forward. Consequently, there is no question that the first factor of *Hobble-Diamond* and *Westland* has been satisfied.

¶18 As to the second factor, prejudice to the defense caused by plaintiff's delay, we have stated that an "unreasonable delay raises a presumption of prejudice to the defendant and shifts the burden to the plaintiff to show good cause or a reasonable excuse for his inaction." *Westland*, 259 Mont. at 416, 856 P.2d at 1377. In *Westland*, we held that a delay of five years was unreasonable. *Westland*, 259 Mont. at 416, 856 P.2d at 1377. In the case

*sub judice*, there is a period of 12 years of inaction on Lee's part. Clearly that 12-year delay is unreasonable and raises a presumption of prejudice to the Naylors.

¶19 Lee attempts to excuse his inaction by alleging that the parties stipulated to a continuance of the case pending resolution of subdivision issues with the City of Choteau. To the contrary, Kay Naylor asserted in his affidavit that he was not aware of any stipulations or agreements between the parties. Furthermore, to be binding upon the parties, any stipulation or agreement between them should have been reduced to writing and filed with the District Court.

> No agreement or consent between the parties, or their attorneys in respect to the proceedings in a cause will be regarded by the court, unless the same shall have been made in open court, and taken down by the Court Reporter, and at the time entered into the minutes; or unless the same shall be in writing, subscribed by the party against whom the same may be urged, or by his attorney. It shall be the duty of the party relying upon any such minute entry to see that the same is duly entered.

Rule 28, Ninth Judicial District Court Rules. The District Court record in this case does not reflect any stipulations between the parties or the parties' attorneys. Consequently, the 12- year delay in this case gives rise to a presumption of prejudice to the Naylors. Therefore, we hold that the second factor of *Hobble-Diamond* and *Westland* has been satisfied.

¶20 Regarding the third factor, the availability of alternate sanctions, this Court has recognized that Rule 41(b), M.R.Civ.P. dismissals "should be imposed sparingly and must remain the exception rather than the rule." *Hobble-Diamond*, 272 Mont. at 42, 899 P.2d at 535. Nevertheless, we have repeatedly held that it is not necessary to establish a total unavailability of other sanctions prior to dismissal for failure to prosecute. *Pool v. Butte Pre-release Ctr* (1997), 283 Mont. 287, 291, 939 P.2d 1011, 1013; *Hobble-Diamond*, 272 Mont. at 42, 899 P.2d at 535. In *Hobble-Diamond*, we noted that "such a requirement would render involuntary dismissal pursuant to Rule 41(b) an impossibility since, as a practical matter, alternative sanctions always would be available to a court." *Hobble-Diamond*, 272 Mont. at 42, 899 P.2d at 535.

¶21 In this case, the District Court determined that alternate sanctions would not be effective based on the fact that Lee did not respond to the Naylors' request for a scheduling conference in 1989, nor did he respond to the court's January 21, 1998 order to show

cause. We agree. Lee's lengthy history of inaction in this case and his disregard of prior orders issued by the District Court lead us to conclude that the District Court did not abuse its discretion when it determined that alternate sanctions would not be effective here. Hence, we hold that the third factor of *Hobble-Diamond* and *Westland* has been satisfied.

¶22 Finally, with regard to the fourth factor, the existence of a warning to plaintiff that the case is in danger of dismissal, the District Court gave Lee such a warning when it issued its January 21, 1998 order to show cause why the case should not be dismissed for failure to prosecute. However, Lee failed to respond. Certainly, the fourth factor of *Hobble-Diamond* and *Westland* has been satisfied.

¶23 Accordingly, having satisfied all four factors of *Hobble-Diamond* and *Westland*, we hold that the District Court did not abuse its discretion in granting the Naylors' motion to dismiss for failure to prosecute under Rule 41(b), M.R.Civ.P. Because we so hold, we conclude that it is unnecessary to discuss Lee's remaining issues as they deal with the merits of the case and could have been decided by the District Court had Lee been diligent in prosecuting his claims.

¶24 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART
