DA 11-0116

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 260N

LARRY E. FRATES,

      Plaintiff and Appellant,

  v.

CITY OF GREAT FALLS, and
GERANIOS ENTERPRISES, INC.,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDV-08-992
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Steven T. Potts, Attorney at Law, Great Falls, Montana

      For Appellee:

      Paul R. Haffeman, Davis, Hatley, Haffeman & Tighe, P.C., Great Falls,
Montana (City of Great Falls)

Submitted on Briefs:   September 22, 2011

Decided:   October 18, 2011

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant Larry E. Frates (Frates) appeals from the District Court's order dismissing his complaint based upon his failure to prosecute his claim against the Respondent City of Great Falls (City). We affirm.

¶3     Frates filed an action against the City in 2008, regarding an attempted condemnation by the City. Nothing transpired in the case for nearly two years. The attorney for the City retired during this period. The City retained private counsel to defend against Frates's complaint. Private counsel unsuccessfully attempted to negotiate a voluntary dismissal of Frates's claim. Private counsel then sought to obtain a stipulated motion to dismiss pursuant to M. R. Civ. P. 41. Frates never responded.

¶4     Private counsel for the City filed a one-page motion to dismiss based upon Frates's failure to prosecute the claim. Frates did not file a response. The District Court granted the City's motion based upon Frates's failure to prosecute the claim. Frates appeals.

¶5     Frates argues that the City filed no brief in support of its motion to dismiss and that private counsel lacked authority to act on behalf of the City where private counsel had not officially been substituted into the case. The City counters that Frates had every opportunity during the twenty-seven month period from the time Frates filed his complaint in August

2

2008 until the time that the court dismissed the claim in November 2010, to prosecute the claim against the City. The City cites the attempts by its counsel to contact Frates and to resolve the matter. The City further argues that the simplicity of its Rule 41 motion allowed its single sentence motion to suffice as a "brief."

¶6 The City argues, in the alternative, that even if the motion is deemed to have been unsupported by a brief, that the District Court still acted within its discretion by dismissing the case due to the multiple chances that Frates had to assert his rights before any action was taken by the court. The City further points out that Frates had numerous opportunities to question the propriety of private counsel acting on behalf of the City in this matter.

¶7 This Court reviews for an abuse of discretion a district court's decision to dismiss a claim for failure to prosecute. *Hobble-Diamond Cattle Co. v. Triangle Irrigation Co.*, 272 Mont. 37, 40, 899 P.2d 531, 533 (1995). We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court did not abuse its discretion in dismissing Frates's claim based upon his failure to prosecute.

¶8 Affirmed.

/S/ BRIAN MORRIS

We Concur:

3

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON