No.   92-607

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

_____

IN THE MATTER OF THE ESTATE OF

FRED PELZMAN,

Deceased.

_____

APPEAL FROM:   District Court of the Ninth Judicial District,
In and for the County of Teton,
The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Greg A. Luinstra, Jardine, Stephenson, Blewett &
Weaver, Great Falls, Montana

For Respondent:

R.  L.  "Stoney"  Burk,  Choteau,  Montana;  John
P. Wuerthner, Great Falls, Montana

_____

Submitted on Briefs:   July 20, 1993

Decided:   November 10, 1993

Filed:

FILED

NOV 10 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from an order of the Ninth Judicial District, Teton County, determining that Joe and Floie Lee (the Lees) have waived their right of first refusal to the sale of the Pelzman ranch for a price of $120,000, and approving the sale of the same property to Cloyd and Lloyd Stott. We affirm.

We consider the following issues on appeal:

1. Did the District Court err in determining that the Lees waived their right of first refusal to the Pelzman ranch?

2. Did the District Court err in returning $120,000 tender money to the Lees and substituting a Bank Letter of Credit?

This is the second appeal of this action. This appeal revolves around the sale of a ranch in Teton County. The Lees moved to the area in 1977 and began operating an 800-acre ranch for Fred Pelzman (Pelzman) under a lease/management arrangement. Pelzman had suffered a stroke at age 80 and was unable to manage the property himself.

On March 20, 1978, Pelzman and the Lees executed a written agreement which contained the following language:

> I, Fred Pelzman, Sr., agree to give Joe R. and Floie N. Lee first option to purchase property I own in the above legal Description upon or before my passing for the sum of one hundred and twenty thousand dollars. It is agreed by the undersigned that the option holders will reside and maintain the said property until time of sale. A ledger of time and improvements will be kept for the purpose of reimbursement by the landowner. Upon notification of intent to sell, a period of 45 days will be allowed for payment.

The Lees remained in possession and currently remain in possession

2

of the ranch. Mr. Pelzman died on May 18, 1986. The Lees notified the attorney for the Pelzman estate that they were exercising their option to buy the ranch under the above clause. The estate representative refused to sell. The Lees filed a district court action for specific performance. Upon appeal, this Court determined that the agreement did not constitute an "option contract" but did constitute a "right of first refusal" which could entitle the Lees to buy the Pelzman ranch for $120,000. In substance this Court determined that the right of first refusal became operable when the estate notified the Lees the ranch was for sale. Lee v. Shaw (1992), 251 Mont. 118, 123, 822 P.2d 1061, 1064.

Shortly after the foregoing appeal was final, the Lees through their attorney entered into extensive sale negotiations with the personal representative of the Pelzman estate. During these negotiations the Lees attempted to settle all pending claims between them and the estate, and intended to include both the purchase of the ranch property and the purchase of the ranch cattle. The parties agreed to the basic price of $200,000 with $120,000 allocated to the ranch and $80,000 to the cattle. While none of the various proposed contracts was signed by all of the parties, agreement was reached to complete the sale on a specified closing date. The Lees failed to show up for that closing and requested extensions. The Lees failed to show up at subsequent extensions. As a result, the estate representative entered into a purchase and sale agreement with Cloyd and Lloyd Stott (the Stotts) for the sale of the Pelzman ranch for $165,000 and sought court

3

approval of that agreement. On July 21, 1992, a hearing was held on the petition regarding the Stott purchase. Lees filed an objection to the sale based upon their right of first refusal. They contended that the Stotts' offer of purchase brought their right of first refusal into existence and they offered to purchase for $120,000. While the District Court agreed that the Stotts' offer had ripened the Lees' right of first refusal, it found that the Lees had waived their right of first refusal when they failed to show up at the closings for the sale of the property.

The Lees argue they had not reached final agreement with the Pelzman estate on the purchase of the property and therefore had not waived the right of first refusal. The Pelzman estate contends that the court was correct in finding waiver because the Lees had successfully negotiated a sale and then failed to show up at the closing for such sale.

I

Did the District Court err in determining that the Lees waived their right of first refusal to the Pelzman ranch?

In Lee v. Shaw, this Court determined that the above quoted language of the agreement constituted a right of first refusal to the sale of the Pelzman ranch. Lee, 251 Mont. at 123, 822 P.2d at 1064. A "right of first refusal" or preemptive right does not give to the preemptioner the power to compel an unwilling owner to sell--it merely requires the owner, when and if he decides to sell, to offer the property first to the person entitled to the preemption at the stipulated price. Lee, 251 Mont. at 121, 822 P.2d at 1063.

The record indicates that negotiations for the sale of the

4

Pelzman ranch began in earnest during February of 1992. On February 27, 1992, the Lees made a $200,000 offer for the ranch, the ranch cattle, and other considerations. The consent of all heirs for the $200,000 sale price of which $120,000 was for the Pelzman ranch itself was given on April 8, 1992. We stated in Lee:

> [H]ad such notification of intent been given by the P.R. [personal representative of the estate] to the Lees, they had the right to purchase the property for the $120,000 less any credits as indicated by the agreement from the ledger, with payment to be made within 45 days from notification. (Emphasis added.)

Lee, 251 Mont. at 123, 822 P.2d at 1064.

The necessary notification from the estate's attorney came on April 8, 1992 when he notified the Lees' attorney that all heirs had now agreed to the sale and that $120,000 of the $200,000 selling price should be allocated as the price of the land. From this date, the 45 day period began to run. That period ended the end of May 1992.

Yet, the closing was not set until July 1, 1992 and despite assurances from the Lees' attorney that they would appear, the Lees did not show up. Nor did they appear after being granted a twenty-four hour extension to 4 p.m. July 2, 1992. Another extension was sought to August 1, 1992. In the meantime, the Stotts offered $165,000 for the ranch and the estate sought a judicial determination of the appropriateness of the estate's acceptance of this offer.

At the July 21, 1992 hearing in which the court considered the Stott offer in light of the surrounding circumstances, the Lees gave notice they would exercise their right of first refusal to buy

5

the ranch for $120,000. Following the hearing, the District Court determined that the Lees had waived their right of first refusal by failing to show up at the closing. However, the District Court determined that it was the subsequent offer by the Stotts which triggered the Lees' preemptive right and began the running of the 45 day period. While the District Court correctly determined that the Lees had waived their right, it did not correctly determine the triggering incident. We will affirm a district court when its conclusion is correct, regardless of whether the court has used the correct analysis to reach that conclusion. Shimskey v. Valley Credit Union (1984), 208 Mont. 186, 676 P.2d 1308.

Waiver is an equitable doctrine, applicable where there is intentional or voluntary relinquishment of a known right, claim, or privilege, or such conduct as warrants inference of relinquishment of such right. Sperry v. Montana State University (1989), 239 Mont. 25, 778 P.2d 895. We conclude that the Lees failed to tender the sum of $120,000 within a period of 45 days from receiving the notification of intent to sell, and as a result failed to comply with the specific requirements of the above quoted contract provision. We also conclude the record supports the determination of the District Court that the Lees failed to show up for the closing of the sale by the estate personal representative on two different occasions. We further conclude that such conduct on the part of the Lees constitutes an intentional relinquishment of their right of first refusal and constitutes a waiver of that right.

We hold the District Court correctly determined that the Lees

6

waived their right of first refusal to the Pelzman ranch. Because of this dispositive issue, we need not consider the Lees' other issues.

II.

Did the District Court err in returning $120,000 tender money to the Lees and substituting a Bank Letter of Credit?

While legal questions exist as to the propriety of the conduct of the District Court in allowing a substitution of a letter of credit for the $120,000 purchase price tendered by the Lees, in view of our holding in this case, we do not find it necessary to consider such issues. We note that the letter of credit which has been substituted by the Lees provides that the credit expires 30 days after this matter is remanded by this Court to the Teton County Clerk of Court's office. As a result, no further action is required on our part.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7

November 10, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Greg A. Luinstra, Esq.
Jardine, Stephenson, Blewett & Weaver
P.O. Box 2269
Great Falls, MT 59403-2269

R.L. "Stoney" Burk
Attorney at Law
P.O. Box 70
Choteau, MT 59422

JOHN P. WUERTHNER
Attorney at Law
P.O. Box 2503
Great Falls, MT 59403


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
      Deputy