No. 97-107

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

JOE R. LEE,

          Petitioner and Appellant,

    v.

STATE OF MONTANA, DEPARTMENT OF NATURAL
RESOURCES AND CONSERVATION, MILLER
COLONY, WILLIAM LEYS, STOTT RANCH, INC.,
FARMERS CO-OP CANAL CO., LEONARD BLIXRUD,
CLOYD STOTT and LLOYD STOTT,

          Respondents and Respondents.

FILED

SEP 08 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Ninth Judicial District, In and for the County of Teton,
the Honorable Marc G. Buyske, Judge Presiding.

COUNSEL OF RECORD:

        For Appellant:

            Joe Lee (pro se), Choteau, Montana

        For Respondent:

            Donald D. MacIntyre, Special Assistant Attorney General and Chief
Legal Counsel, Department of Natural Resources and Conservation,
Helena, Montana

Submitted on Briefs: July 31, 1997

Decided: September 8, 1997

Filed:

                           Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter and West Publishing Companies.

Joe Lee, pro se, appeals from the order of the Ninth Judicial District Court, Teton County, dismissing his petition for judicial review. We affirm.

Lee presents one issue on appeal:

Did the District Court err when it dismissed Lee's petition for judicial review?

## BACKGROUND

Lee applied for beneficial water use with the Montana Department of Natural Resources and Conservation (DNRC). A hearing examiner issued a Proposal for Decision, granting and conditioning the provisional permits on the installation of measuring devices. Lee objected, and the examiner issued a final order. Lee petitioned for judicial review in the District Court of Teton County, Cause No. 83-DV-036.

In June 1986, the DNRC filed a motion to stay Cause No. 83-DV-036, seeking an order to direct Lee only to develop and appropriate water under the terms and conditions of the permits until the court entered its order on the merits of the case, or alternatively, to restrain Lee from exercising any water rights under the permits until ordered by the court.

2

On July 18, 1986, Lee entered a stipulation with the DNRC, agreeing to comply with the conditions of the permits until such time as the court entered judgment on his petition.

Ownership of the land subject to the provisional permits was the issue in Teton County Cause Nos. 86-DP-020, 86-DV-028, and 87-DV-010. On July 22, 1986, the District Court granted leave for the Estate of Pelzman, Teton County Cause No. 86-DP-020, to intervene as a respondent in Lee's petition.

On January 25, 1990, the court ordered Lee's petition would be dismissed for failure to prosecute unless, within ten days, good cause was shown why it should continue. Lee responded on January 31, 1990, with a document entitled "Reason for not withdrawing or dismissing the above case." He explained his petition should not be dismissed because:

> 1. Petitioner is in the middle of an estate settlement dispute over the land and water that is involved in this Cause. If it is shown that Petitioner does not own the land or has any claim to the land, then this cause shall be dismissed anyway since Petitioner has no claim to the land or water.

This Court takes judicial notice that in Matter of the Estate of Pelzman (1993), 261 Mont. 461, 863 P.2d 1019, we ruled that Lee, petitioner and appellant herein, did not have any claim to purchase the property mentioned in petitioner/appellant's response of January 31, 1990, set forth above.

Lee and the personal representative for the Pelzman Estate settled Cause Nos. 86-DP-020, 86-DV-028, and 87-DV-010, on November 12, 1996. On November 19, 1996, the District Court, finding that Lee's petition had been stayed pending the resolution of Cause

Nos. 86-DP-020, 86-DV-028, and 87-DV-010, and finding that those causes had been resolved by stipulation, dismissed Lee's petition in the District Court of Teton County, Cause No. 83-DV-036, with prejudice. Lee appeals.

## DISCUSSION

Did the District Court err when it dismissed Lee's petition for judicial review?

The District Court dismissed Lee's petition, although not specifically referring to Rule 41(b), M.R.Civ.P. The dismissal was correct under this rule. A district court has broad discretion in ruling on a Rule 41(b) motion, and its ruling will be overturned only if it has abused that discretion. Pool v. Butte Pre-Release Center, Inc. (Mont. 1997), 939 P.2d 1011, 1012, 54 St.Rep. 603. This Court considers four factors to determine whether a court abused its discretion in dismissing an action under Rule 41(b), M.R.Civ.P.: (1) the plaintiff's diligence in prosecuting the claim; (2) prejudice to the defense caused by the plaintiff's delay; (3) availability of alternate sanctions; and (4) existence of a warning that the case is in danger of dismissal. Pool, 939 P.2d at 1012-13.

Lee argues the District Court erred in dismissing his petition because the Estate of Pelzman was not a party to the case at bar. Respondents argue that the District Court was aware of Lee's January 31, 1990, stipulation which referred to Cause No. 86-DP-020 and relied on that stipulation to dismiss Lee's petition.

On January 25, 1990, the District Court ordered Lee's petition would be dismissed if good cause was not shown why it should continue. Lee responded, "If it is shown that

4

Petitioner does not own the land or has any claim to the land, then this cause shall be dismissed anyway since Petitioner has no claim to the land or water." The dispute to which Lee referred was the subject of Cause No. 86-DP-020. The District Court knew about the Pelzman Estate's interest in Lee's petition from the 1986 motion to intervene and Lee's January 31, 1990, document. Lee's document tied the settlement of Cause No. 86-DP-020 to the resolution of his petition.

When Lee settled Cause Nos. 86-DP-020, 86-DV-028, and 87-DV-010 in the November 12, 1996, stipulation, the District Court, being aware of the relationship between Cause Nos. 86-DP-020, 86-DV-028, and 87-DV-010, and the case at bar, dismissed Lee's petition. The court accepted Lee's January 31, 1990, document and properly dismissed a case that had not been diligently prosecuted since 1983.

Lee was provided a forum to resolve his disputes. He received adequate warning that his petition could be dismissed because his document stipulated that his petition should be dismissed if it was shown that he did not have any claim to the land. The District Court was not required to consider alternate sanctions to dismissal because Lee informed the court the remedy resulting from Cause Nos. 86-DP-020, 86-DV-028, and 87-DV-010 would be adequate relief for his petition. Lee is bound by his pleadings.

After considering the four factors to be examined in an appeal of a Rule 41(b) dismissal, we conclude the District Court did not abuse its discretion when it dismissed Lee's petition for judicial review.

We affirm the District Court's order of dismissal.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

6

September 8, 1997

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

JOE LEE
BOX 154
CHOTEAU MT  59422-0154


MILLER COLONY
BOX 210 RR2
CHOTEAU MT  59422

WILLIAM LEYS
RR2
CHOTEAU MT  59422

KENNETH OLSON
ATTORNEY AT LAW
600 CENTRAL PLAZA SUITE 316
GREAT FALLS MT

DONALD MacINTYRE
DEPARMENT OF NATURAL RESOURCES
BOX 201601
HELENA MT  59620-1601

SCOTT RANCH, INC.
GENERAL DELIVERY
CHOTEAU MT  59422

FARMERS CO-OP CANAL COMPANY
ALVIN GUSE
CHOTEAU MT  59422

LEONARD BLIXRUD
BOX 44
CHOTEAU MT  59422-0044

CLOYD STOTT
STAR ROUTE
CHOTEAU MT 59422

LLOYD STOTT
STAR ROUTE
CHOTEAU MT 59422

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy