No. 96-619

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


WALTER F. POOL,

Plaintiff and Appellant,

v.

BUTTE PRE-RELEASE CENTER, INC.,
a Montana nonprofit corporation,

Defendant and Respondent.


APPEAL FROM:   District Court of the Second Judicial District, In and for the County of
Silver Bow, the Honorable Ted L. Mizner, Judge Presiding.


COUNSEL OF RECORD:

For Appellant:

Richard R. Buley, Tipp & Buley, Missoula, Montana

For Respondent:

Patrick M. Sullivan, Poore, Roth & Robinson, P.C.,
Butte, Montana


Submitted on Briefs:  May 15, 1997

Decided: June 24, 1997
Filed:


_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Walter F. Pool filed this wrongful discharge action in the Second Judicial

District
Court, Silver Bow County, in 1987.  In 1996, the court dismissed the action for failure
to prosecute, pursuant to Rule 41(b), M.R.Civ.P.  Pool appeals.  We affirm.

The issue is whether the District Court abused its discretion in dismissing this action for failure to prosecute.

In his complaint, Pool alleged that he was wrongfully discharged from employment at the Butte Pre-Release Center, Inc., in the spring of 1985 in breach of the implied covenant of good faith and fair dealing.  Butte Pre-Release filed an answer and discovery
requests.  In November of 1990, Butte Pre-Release moved to dismiss the action for failure to prosecute, pursuant to Rule 41(b), M.R.Civ.P.  The court granted that motion.

A month later, Pool retained new counsel who moved to set aside the order of dismissal.  That motion was granted and the order of dismissal was vacated in June 1994.
 Immediately thereafter, a  pre-trial conference was held and the court issued a scheduling
order with trial set for November 28, 1994, and a discovery deadline of October 7, 1994.

In October, Butte Pre-Release moved to extend the discovery deadline to November 22, 1994, because it was having difficulty in arranging a date to depose Pool,
who was then working in Alaska.  The court granted the extension and, sua sponte, vacated the scheduled trial date.

In December 1994 and February 1995, discovery was again continued on motion by Butte Pre-Release because Pool's deposition still had not been scheduled.  In July 1995, counsel for Butte Pre-Release requested from Pool's counsel a date on which Pool
would be available to be deposed.  The depositions of Pool and his wife were scheduled
for November 1995.

The Pools, who had by that time relocated to Arizona, canceled their November 1995 depositions due to bad weather.  In April  1996, Butte Pre-Release filed its second
motion to dismiss this action for failure to prosecute.  The court granted that motion.
Pool appeals.

Did the District Court abuse its discretion in dismissing this action for failure to
prosecute?

Rule 41(b), M.R.Civ.P., provides:

For failure of the plaintiff to prosecute . . . , a defendant may move for
dismissal of an action or of any claim against the defendant.  Unless the
court in its order for dismissal otherwise specifies, a dismissal under this
subdivision . . . operates as an adjudication upon the merits.

A district court has broad discretion in ruling on a Rule 41(b) motion, and its discretion
will be overturned only if it has abused that discretion.  Hobble-Diamond Cattle Co.

v.

Triangle Irr. Co. (1995), 272 Mont. 37, 40, 899 P.2d 531, 533.  Four factors are considered in determining whether a district court abused its discretion in dismissing an
action under Rule 41(b), M.R.Civ.P.:  (1) the plaintiff's diligence in prosecuting the
claim;  (2) prejudice to the defense caused by the plaintiff's delay; (3) availability of
alternate sanctions; and (4) existence of a warning that the case is in danger of dismissal.
Hobble-Diamond, 899 P.2d at 533-34.

The delay prior to the District Court's order vacating the first order of dismissal
is irrelevant for purposes of this discussion.   Here, as did the District Court, we examine
the facts concerning failure to prosecute only for the period from June 1994, when the
court vacated the first order of dismissal, until Butte Pre-Release filed its second motion
to dismiss in April of 1996.

In ruling that "there has now been another unreasonable delay in the prosecution of  this case primarily due to the Plaintiff's failure to make himself available for a
deposition," the District Court addressed the plaintiff's lack of diligence in prosecuting
the claim.  The record reflects that, even following the previous dismissal of his case for
failure to prosecute, Pool did not make himself available to be deposed for over twenty-
two months immediately preceding the second motion to dismiss.  Pool's absence from
the State of Montana does not constitute a reasonable explanation for his failure to
prosecute this case by making himself available to be deposed.

The court further stated:

The Plaintiff has not provided a reasonable excuse for not rescheduling his
deposition after he unilaterally canceled the November 10, 1994 deposition
date.  Furthermore, the Defendant has shown prejudice due to the long
delay in that key witnesses are now either dead or can not be located.
Considering only the circumstances that have occurred since the original
Order of Dismissal was vacated on June 27, 1994, the Court concludes that
the Plaintiff  has failed to diligently prosecute his case as required by law,
that he has failed to offer a reasonable excuse, and Defendant has and will
suffer actual prejudice if the case proceeds.

In support of its motion to dismiss, Butte Pre-Release submitted an affidavit concerning
the unavailability of witnesses who would have been able to testify regarding Pool's
termination from employment but who had died or whose whereabouts were unknown.
That affidavit and the court's discussion of it addressed the prejudice caused by the delay
in prosecuting the claim.

A warning of impending risk of dismissal is not a prerequisite to dismissal under

Rule 41(b). See Hobble-Diamond, 899 P.2d at 535. In this case, although the District Court did not expressly "warn" Pool that his complaint was in danger of dismissal, Pool had been forewarned of that possibility when the court dismissed his case in 1990.

In its opinion accompanying its order of dismissal, the District Court did not discuss the availability of alternative remedies. We have stated, however, that it is not necessary to establish a total unavailability of other sanctions prior to dismissal under Rule 41(b). Hobble-Diamond, 899 P.2d at 535. In this case, the alternative remedy of imposing a scheduling order had been implemented following the vacating of the previous order of dismissal, but imposing a scheduling order had not been successful.

After considering the four factors to be examined in an appeal of a Rule 41(b), M.R.Civ.P., dismissal, we conclude that the District Court did not abuse its discretion in granting Butte Pre-Release's motion to dismiss this action. We therefore affirm the order of dismissal entered by the District Court.

/S/ J. A. TURNAGE

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ WILLIAM E. HUNT, SR.
/S/ TERRY N. TRIEWEILER