No. 03-720

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 77

VERMEER OF WASHINGTON, INC., d/b/a
VERMEER SALES AND SERVICE OF MONTANA,

        Plaintiff and Appellant,

   v.

ORVILLE B. JONES, a/k/a BUZZ JONES, individually
and d/b/a BIG SKY UNDERGROUND SYSTEMS,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV-03-226
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Lisa A. Speare, Kelly J. C. Gallinger, Brown Law Firm,
Billings, Montana

      For Respondent:

          Orville B. Jones, *Pro Se*, Billings, Montana

          Submitted on Briefs:  February 17, 2004

          Decided:   March 30, 2004

Filed:

                        Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Vermeer of Washington, Inc., d/b/a Vermeer Sales and Service of Montana (Vermeer), appeals from the order entered by the Thirteenth Judicial District Court, Yellowstone County, dismissing its complaint with prejudice. We reverse and remand.

¶2     The issue is whether the District Court abused its discretion in dismissing Vermeer's complaint with prejudice based on Vermeer's counsel's failure to attend a scheduling conference.

## BACKGROUND

¶3     In early March of 2003, Vermeer sued Orville B. Jones, a/k/a Buzz Jones, individually and d/b/a Big Sky Underground Systems (Jones) to collect an alleged debt in excess of $15,000. The complaint was amended in May of 2003 to reflect Jones' true name. In an order filed June 4, 2003, the District Court set a scheduling conference for June 26 at 8:15 a.m., and authorized Vermeer's counsel to arrange for a conference call in lieu of personal attendance. The court received a letter from Jones, appearing *pro se*, in which he responded to questions about scheduling and requested to be absent from the scheduling conference because of a new job. Vermeer's counsel did not attend the conference in person or by telephone.

¶4     Relying on Rules 16(f) and 37(b)(2)(C), M.R.Civ.P., the District Court subsequently entered an order dismissing Vermeer's complaint with prejudice based on Vermeer's

2

counsel's failure to obey a scheduling order. The court signed the order on July 3, 2003, eight days after the date of the scheduling conference, and filed the order on July 8, 2003. Vermeer's counsel sent the District Court a letter on July 7, apologizing for missing the scheduling conference and explaining that her office had experienced computer problems which presumably caused the conference to be removed from her calendar.

¶5 On July 17, 2003, Vermeer fax-filed a motion to reopen the case and included a supporting affidavit by Vermeer's counsel; paper filings followed the next day. In the affidavit, Vermeer's counsel stated she was reviewing her case file on July 7 when she realized she had missed the scheduling conference. She called the court's attention to her July 7 letter and characterized her failure to appear as a "mistake." Vermeer's counsel stated her absence from the scheduling conference was not "intended to be a willful delay or disregard of the legal process" and she had pursued the matter with diligence.

¶6 The District Court denied Vermeer's motion to reopen the case. It observed that Jones' timely letter to the court had answered questions regarding scheduling matters and that Vermeer's counsel had sent Jones a letter dated June 9 indicating she intended to appear at the scheduling conference by telephone. The court also stated that eight days had elapsed between the missed conference and the date it signed the order dismissing the case. Finally, the District Court noted–but did not discuss–Vermeer's counsel's July 7 letter regarding her discovery of the error that day. Vermeer appeals.

**STANDARD OF REVIEW**

¶7 A district court has broad discretion in sanctioning pretrial conduct and we generally defer to its decisions in such matters. *See McKenzie v. Scheeler* (1997), 285 Mont. 500, 506, 949 P.2d 1168, 1172 (citation omitted); *Hobble-Diamond Cattle Co. v. Triangle Irrigation Co.* (1995), 272 Mont. 37, 40, 899 P.2d 531, 533 (citation omitted). We review a trial court's imposition of sanctions for abuse of discretion. *McKenzie*, 285 Mont. at 506-07, 949 P.2d at 1172 (citations omitted); *Hobble-Diamond*, 272 Mont. at 40, 899 P.2d at 533 (citation omitted).

## DISCUSSION

¶8 Did the District Court abuse its discretion in dismissing Vermeer's complaint with prejudice based on Vermeer's counsel's failure to attend a scheduling conference?

¶9 Rule 16, M.R.Civ.P., is captioned "Pretrial conferences–scheduling–management." It generally addresses a district court's pretrial case management functions. Rule 16(a), M.R.Civ.P., authorizes a court, in its discretion, to direct attorneys and unrepresented parties to appear for pretrial conferences. Rule 16(b), M.R.Civ.P., specifically addresses scheduling conferences and scheduling orders which follow such conferences. Rule 16(f), M.R.Civ.P., authorizes a trial court, on its own initiative or upon motion, to order such sanctions "as are just" for misconduct relating to the Rule 16 processes, including an attorney's failure to obey a scheduling or pretrial order. Among the authorized sanctions is the entry of an order, pursuant to Rule 37(b)(2)(C), M.R.Civ.P., "dismissing the action or proceeding or any part thereof."

¶10 Pursuant to Rule 16, M.R.Civ.P., the District Court issued an order, setting a scheduling conference for June 26, 2003, and directing the parties to appear in person or by counsel. The order was not a Rule 16(b), M.R.Civ.P., scheduling order following a scheduling conference. Rather, it was a pretrial scheduling order under Rule 16(a), M.R.Civ.P., although the court did not so specify. Relying on Rule 16(f), M.R.Civ.P., the court dismissed the case *sua sponte* because Vermeer's counsel failed to attend the scheduling conference and Jones had timely submitted a letter addressing scheduling matters.

¶11 Vermeer advances two arguments in support of its position that dismissing Vermeer's action with prejudice and denying the subsequent motion to reopen constituted abuses of discretion by the District Court. We address those arguments in turn.

¶12 Vermeer first argues that it did not abuse the judicial process and, therefore, no sanction was warranted. In an effort to support this argument, it distinguishes the facts in this case from those in *McKenzie* and *Eastern Livestock Co., Inc. v. O'Neal* (1997), 285 Mont. 90, 945 P.2d 931, cases in which we affirmed a dismissal with prejudice and an entry of default judgment, respectively. We agree the cases are readily distinguishable on the facts. In neither case did we hold, however, that misconduct for which sanctions are available pursuant to Rule 16(f), M.R.Civ.P., do not warrant any sanction. As discussed above, Rule 16(f), M.R.Civ.P., authorizes a district court to impose sanctions if a party or a party's attorney fails to obey a scheduling order. Vermeer concedes its failure to obey the order and, consequently, the District Court had discretion to impose sanctions.

¶13    Vermeer's primary argument is that the severity of the sanction the District Court imposed–dismissal with prejudice–was not commensurate with its failure to obey a scheduling order at the outset of the case. Vermeer sets forth two separate tests for determining whether a district court abused its discretion in imposing a sanction–a "discovery abuse" test and a "Rule 41(b), M.R.Civ.P." test. We need address only the latter, since the present case does not involve a discovery abuse.

¶14    Rule 41(b), M.R.Civ.P., authorizes a district court–on motion by a defendant–to dismiss an action for failure of the plaintiff to prosecute or to comply with any court order. In *Becky v. Norwest Bank Dillon, N.A.* (1990), 245 Mont. 1, 8, 798 P.2d 1011, 1015, we synthesized our prior cases addressing Rule 41(b), M.R.Civ.P., dismissals and articulated the following four factors to consider in determining whether a district court has abused its discretion: (1) the plaintiff's diligence in prosecuting claims; (2) the prejudice to the defense caused by the plaintiff's delay; (3) the availability of alternate sanctions; and (4) the existence of a warning to plaintiff that the case is in danger of dismissal. We have reiterated and applied these factors in subsequent cases. *See, e.g.*, *Pool v. Butte Pre-Release Center, Inc.*, 283 Mont. 287, 289-90, 939 P.2d 1011, 1012-13; *Hobble-Diamond*, 272 Mont. at 40, 899 P.2d at 534; *Westland v. Weinmeister* (1993), 259 Mont. 412, 415-16, 856 P.2d 1374, 1376. In *McKenzie*, 285 Mont. at 507, 949 P.2d at 1172, we likened the dismissal of a case for failure to comply with a scheduling order pursuant to Rule 16(f), M.R.Civ.P., to a Rule 41(b), M.R.Civ.P., dismissal. As set forth above, however, a court may act on its own initiative pursuant to Rule 16(f), M.R.Civ.P., as the District Court did in the present case.

6

¶15    Vermeer argues that applying what it characterizes as "the *Hobble-Diamond* factors" to the present case establishes that dismissal of its action against Jones with prejudice was unwarranted.  In *Hobble-Diamond*, the plaintiff alleged that pivots it purchased from the defendant were defective or improperly installed.  The district court scheduled a telephonic status conference that never occurred.  One year after the date scheduled for the status conference, the defendant moved to dismiss the case pursuant to Rule 41(b), M.R.Civ.P., and the court granted the motion.  *Hobble-Diamond*, 272 Mont. at 39-40, 899 P.2d at 533.

¶16    On appeal, we applied the four-factor test and reversed. *Hobble-Diamond*, 272 Mont. at 40-43, 899 P.2d at 534-35.  Under the first factor, we determined the one-year delay between the aborted conference and the defendant's motion to dismiss was "not *per se* unreasonable," although the plaintiff's failure to reschedule the conference "[could not] be condoned."  Under the second factor, we concluded the defendant did not establish actual prejudice caused by the one-year delay at issue.  *Hobble-Diamond*, 272 Mont. at 41, 899 P.2d at 534.  With regard to the "availability of alternate sanctions" factor, we determined that "a total absence of alternative sanctions is not necessary" for a Rule 41(b), M.R.Civ.P., dismissal because, as a practical matter, other sanctions are always available. We concluded, on the record before us and the severity of the dismissal sanction, that the factor "weigh[ed] in [the plaintiff's] favor given the plethora of alternate sanctions and remedies available . . . ." *Hobble-Diamond*, 272 Mont. at 42, 899 P.2d at 535.  Finally, we recognized that a warning, while the better practice, is not a requisite for every Rule 41(b), M.R.Civ.P.,

7

dismissal. We did observe, however, that the district court had not warned of a possible dismissal. *Hobble-Diamond*, 272 Mont. at 42-43, 899 P.2d at 535.

¶17 Applying the *Hobble-Diamond* factors to the present case, we first examine the plaintiff's diligence in pursuing the case. An unreasonable delay raises a presumption of prejudice to the defendant. *Becky*, 245 Mont. at 8, 798 P.2d at 1015. As noted above, a one-year delay in prosecuting an action after an aborted status conference is "not *per se* unreasonable." *Hobble-Diamond*, 272 Mont. at 41, 899 P.2d at 534. In *Becky*, 245 Mont. at 8-9, 798 P.2d at 1016, we reversed a district court's dismissal of a case after a delay of two and one-half years, observing the plaintiffs "did not sit on their claims" while their attorney failed to prosecute, because they had consulted a financial expert and other attorneys.

¶18 When compared with the one-year delay after a missed conference in *Hobble-Diamond*, Vermeer's delay in contacting the court after missing a scheduling conference is not presumptively unreasonable. In addition, Vermeer "did not sit on [its] claims." *See Becky*, 245 Mont. at 8-9, 798 P.2d at 1016. On July 7, upon discovering her failure to appear, Vermeer's counsel sent a letter of apology and explanation to the District Court immediately. The District Court acknowledged the letter in denying Vermeer's motion to reopen, but failed to consider it in light of the short delay caused by Vermeer. Just as we could not condone the plaintiff's failure to reschedule a missed conference in *Hobble-Diamond*, we do not condone Vermeer's failure to obey the District Court's order. *See Hobble-Diamond*, 272 Mont. at 41, 899 P.2d at 534. We acknowledge, however, that

Vermeer quickly attempted to rectify its mistake. On this record, we conclude Vermeer's isolated eight-day delay is not unreasonable.

¶19 The second factor is whether the defendant suffered actual prejudice caused by the plaintiff's delay. *Hobble-Diamond*, 272 Mont. at 40, 899 P.2d at 534. Actual prejudice means an impairment of the ability to defend, usually involving the loss of evidence or witnesses. *Becky*, 245 Mont. at 9, 798 P.2d at 1016 (citation omitted); *see also Pool*, 283 Mont. at 290, 939 P.2d at 1013. Vermeer contends that Jones was not substantially prejudiced because its case had been filed only four months previously, Jones had not begun discovery, Jones notified the court of his preferences in writing instead of attending the conference, and only eight days elapsed between the scheduled conference and the District Court's dismissal of the action. Jones responds that delays frustrate the interests of judicial economy and could eventually cause a collapse of the court system. We agree. Jones fails to identify any prejudice caused by Vermeer's short delay, however. We conclude Jones has not established actual prejudice.

¶20 When we determine that a plaintiff's delay in prosecuting a case is reasonable and that the defendant has not established actual prejudice, we need not consider the availability of alternate sanctions or the existence of a warning. *Becky*, 245 Mont. at 10, 798 P.2d at 1017. Because we have concluded that Vermeer's delay was not unreasonable and Jones suffered no actual prejudice, we need not consider the third and fourth factors here.

9

¶21 We hold the District Court abused its discretion in dismissing Vermeer's complaint with prejudice based on Vermeer's counsel's failure to obey a Rule 16(a), M.R.Civ.P., scheduling order.

¶22 Reversed and remanded for further proceedings consistent with this Opinion.


/S/ KARLA M. GRAY


We concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM REGNIER
/S/ JIM RICE