No. 04-546

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 258N

CHARLES A. EKBERG, d/b/a
CDI BROKERAGE,

        Plaintiff and Appellant,

   v.

LYONS MOTORS, INC., a Montana corporation,
PAT LYONS, Individually and as President,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Second Judicial District,
                 In and For the County of Silver Bow, Cause No. 92-C-271
                 Honorable John W. Whelan, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Kevin E. Vainio, Attorney at Law, Butte, Montana

        For Respondents:

            Mark A. Vucurovich; Henningson, Vucurovich & Richardson,
            Butte, Montana

Submitted on Briefs:  September 27, 2005

Decided:  October 19, 2005

Filed:

                          Clerk

Chief Justice Kara M. Gray delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Charles A. Ekberg (Ekberg) appeals from the judgment entered by the Second Judicial District Court, Silver Bow County, on its order dismissing his complaint against Lyons Motors, Inc. and Pat Lyons (collectively, Lyons), and denying his motion for travel expenses and attorney's fees.  We affirm.

¶3      Ekberg asserts that the District Court abused its discretion in granting Lyons' motion to dismiss for failure to prosecute and in denying his motion for travel costs and attorney's fees.

BACKGROUND

¶4      In June of 1992, Ekberg filed a complaint against Lyons asserting several claims.  The District Court set trial for January 4, 1993, the parties commenced discovery and the trial was continued three times, eventually being set for October 21, 1997.  On October 17, 1997, the District Court continued this trial date and ordered the parties to request a status conference for the purpose of rescheduling the trial.  Nothing more occurred until August of 2003.

2

¶5 Apparently in August of 2003, Ekberg served Lyons with subpoenas for several depositions he had scheduled. In response, Lyons moved the District Court to quash the subpoenas, vacate the depositions, stay further proceedings in the case and dismiss the action for Ekberg's failure to diligently prosecute his claims. The District Court stayed the proceedings and depositions, and scheduled a hearing on the motion to dismiss. Ekberg subsequently moved the District Court for travel expenses and attorney's fees incurred in preparing to attend the cancelled depositions. The District Court ultimately granted Lyons' motion to dismiss the action and denied Ekberg's motion for travel expenses and attorney's fees. Ekberg appeals.

DISCUSSION

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was no abuse of judicial discretion.

¶7 A defendant may move for the dismissal of any action or claim against the defendant on the basis of the plaintiff's failure to prosecute. Rule 41(b), M.R.Civ.P. The following four factors are determinative of whether dismissal of an action pursuant to Rule 41(b) is appropriate: (1) the plaintiff's diligence in prosecuting the claims; (2) the prejudice to the defense resulting from the plaintiff's delay; (3) the availability of alternative sanctions; and (4) whether the plaintiff has been warned that the case is in danger of being dismissed.

3

*Vermeer of Washington, Inc. v. Jones*, 2004 MT 77, ¶ 14, 320 Mont. 435, ¶ 14, 87 P.3d 516, ¶ 14. Based on these factors, the District Court determined that the passage of over five years with no activity in the case file constituted unreasonable delay on Ekberg's part for which Ekberg had provided no reasonable excuse, Lyons was presumptively prejudiced by the delay, there was no incentive for the court to consider alternatives to dismissal as any alternative was unlikely to be effective and, although the court had not specifically warned Ekberg of dismissal, no such warning was required. The District Court further determined that Ekberg was not actively prosecuting his case at the time Lyons moved for dismissal. Having reviewed the record and the briefs, we hold that the District Court correctly applied the law to the facts of this case and did not abuse its discretion in granting Lyons' motion to dismiss pursuant to Rule 41(b), M.R.Civ.P.

¶8     With regard to the District Court's denial of Ekberg's motion for deposition-related costs and fees, the record reveals that Ekberg provided no evidence or testimony to support an award of such costs and fees. We hold that the District Court did not abuse its discretion in denying Ekberg's motion for travel costs and attorney's fees.

¶9     Affirmed.

/S/ KARLA M. GRAY

We concur:

4

/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE