Justice Ingrid Gustafson delivered the Opinion of the Court.
***179 ¶ 1 ECI Credit, LLC, (ECI) appeals from orders of the Fourth Judicial District Court, Missoula County, dismissing its case against Diamond S Inc., (Diamond) under M. R. Civ. P. 41(b), and denying its motion for relief from that dismissal under M. R. Civ. P. 60(b). Diamond cross-appeals from the District Court's order granting partial summary judgment in ECI's favor. We affirm the District Court's orders dismissing ECI's case and denying ECI's motion for relief from that dismissal. We deny Diamond's cross-appeal as moot.
¶ 2 We restate the issues on appeal as follows:
1. Did the District Court abuse its discretion when it dismissed ECI's complaint for failing to prosecute under M. R. Civ. P. 41(b) ?
2. Did the District Court abuse its discretion when it denied ECI's motion for relief under M. R. Civ. P. 60(b) ?
3. Did the District Court err by granting partial summary judgment in ECI's favor on the issues of duty and breach?
FACTUAL AND PROCEDURAL BACKGROUND
¶ 3 In 2008, ECI purchased real property from Diamond that included several older commercial buildings, including one known as the Watercraft building. In 2010, ECI discovered the Watercraft building had suffered fire damage, including compromise of the roof trusses, at some point in its history. Although Diamond knew, and did not tell ECI, that the Watercraft building had been damaged in a fire in 1977, Diamond denied it had failed to disclose any known defects: It filed an insurance claim after the fire, a contractor repaired the damage, and Diamond believed the damage was repaired.
¶ 4 ECI filed suit in 2012, alleging claims including fraud, negligent representation, and breach of contract. On May 23, 2014, the District Court granted ECI partial summary judgment, ruling that Diamond had breached its duty to disclose a latent defect in the Watercraft building. The court reserved ruling on damages for trial.
¶ 5 On July 9, 2014, Diamond moved for relief from the summary judgment under M. R. Civ. P. 60(b). On July 28, 2014, ECI responded in opposition. On September 26, 2014, the District Court denied Diamond's motion.
¶ 6 In December 2014, Diamond's counsel wrote to ECI's counsel and proposed a scheduling order. Diamond's counsel also indicated that Diamond was willing to enter into settlement negotiations. ECI did not ***180 respond to the letter.
¶ 7 The parties took no further action in the District Court. On January 19, 2017, the District Court issued an Order Closing Case.
¶ 8 On February 22, 2017, ECI moved to reopen the case. ECI offered no explanation why it had taken no action after the summary judgment order, but argued the District Court could not dismiss the action pursuant to § 25-1-104, MCA, because it had not given the parties notice and allowed them the opportunity to recommence prosecution.
¶ 9 Diamond opposed ECI's motion. It acknowledged that the District Court could not dismiss the case under § 25-1-104, MCA, because the court did not give notice prior to dismissal. Diamond then moved to dismiss the case under M. R. Civ. P. 41(b), which does not require notice, but permits a defendant to move to dismiss a claim for failure to prosecute. Diamond argued ECI had taken no steps to move the case towards the resolution of the remaining issues, having last conducted *693 discovery in the spring of 2013, filing only a single response brief after that point, and taking no action whatsoever since July 2014. Replying to Diamond's Rule 41(b) argument, ECI acknowledged that "there is no explanation for the delay." ECI contended Diamond had suffered no prejudice, argued dismissal was too harsh a remedy, and suggested the District Court instead issue a truncated scheduling order.
¶ 10 On May 18, 2017, the District Court issued an Order Granting Motion to Reopen Case and Granting Motion to Dismiss. The court vacated its earlier closure of the case, admitting it did not provide the notice § 25-1-104, MCA, requires. The District Court then granted Diamond's motion to dismiss under M. R. Civ. P. 41(b).
¶ 11 ECI moved for relief from the Order under M. R. Civ. P. 60(b)(1), alleging the District Court made a mistake in dismissing the case. ECI contended it diligently prosecuted its case prior to September 26, 2014, and although it did not file anything with the District Court afterward, its work on the case did not cease. Counsel stated he created a "preliminary draft" of a motion for summary judgment regarding damages. Counsel also stated in an accompanying affidavit that due to staffing changes at his law firm, the case "slipped through the cracks." ECI also alleged the lack of a scheduling order caused the case to sit idle.
¶ 12 The District Court denied ECI's motion for relief. ECI appeals.
STANDARDS OF REVIEW
¶ 13 A district court has broad discretion in ruling on a M. R. Civ. P. 41 motion to dismiss, and we will overturn its ruling only for an abuse of ***181 discretion. Lear v.Jamrogowicz , 2013 MT 147, ¶ 16, 370 Mont. 320, 303 P.3d 790 (citation omitted). We will vacate a dismissal if, after reviewing the record, we are left with the definite and firm conviction that the district court committed a clear error in weighing the relevant factors. Doug Johns Real Estate, Inc. v. Banta , 246 Mont. 295, 298, 805 P.2d 1301, 1303 (1990) (citation omitted).
¶ 14 The degree of appellate scrutiny of a trial court's ruling on a Rule 60(b) motion depends on whether the trial court set aside the judgment. If the trial court refused to set aside the judgment, only a slight abuse of discretion need be shown to warrant reversal. Karlen v. Evans , 276 Mont. 181, 185, 915 P.2d 232, 235 (1996) (citations omitted).
DISCUSSION
¶ 15 1. Did the District Court abuse its discretion when it dismissed ECI's complaint for failing to prosecute under M. R. Civ. P. 41(b) ?
¶ 16 Rule 41(b) allows a district court to dismiss an action for failure to prosecute upon the defendant's motion. In deciding whether a district court has abused its discretion in dismissing an action for failure to prosecute, we consider four factors: (1) the plaintiff's diligence in prosecuting the claims; (2) the prejudice caused to the defense by the plaintiff's delay; (3) the availability of alternate sanctions; and (4) whether the plaintiff was warned that the case was in danger of dismissal. We consider these factors in light of public policy considerations that favor a plaintiff's right to a hearing on the merits, balanced against the trial court's need to manage its docket and the general policy of encouraging prompt disposition of lawsuits. Becky v. Norwest Bank Dillon, N.A. , 245 Mont. 1, 8, 798 P.2d 1011, 1015 (1990).
¶ 17 In granting Diamond's motion to dismiss under Rule 41(b), the District Court found that the first factor-whether ECI diligently prosecuted its claims-weighed heavily in Diamond's favor. The court reviewed the docket and found ECI prosecuted its claims through completion of discovery in early 2013 and up to the hearing on summary judgment in November 2013. The court further noted that after prevailing at summary judgment, ECI took no further action until July 2014, when it filed a brief in opposition to a Rule 60(b) motion filed by Diamond. The District Court noted that ECI took no action in the court for 30 months and admitted it had "no explanation for the delay." It noted ECI offered no evidence that it communicated with Diamond's counsel or attempted to *694 resolve the case, and did not attempt to explain its silence and inaction. Considering that ECI filed ***182 one brief after November 2013, and filed nothing from July 2014 until the February 2017 motion to re-open, the District Court found ECI had not fulfilled its duty to pursue prosecution and bring the case to trial. Cook v. Fergus Elec. Coop., Inc. , 235 Mont. 173, 177, 765 P.2d 1138, 1140 (1988).
¶ 18 ECI argues the District Court abused its discretion by failing to consider the full circumstances of the case. ECI contends the District Court should have considered ECI's diligence in the earliest part of the litigation. It argues that other failure-to-prosecute cases are factually distinguishable because in those instances, the prosecuting party took few steps to prosecute the case from the very beginning. E.g., Pool v. Butte Pre-Release Ctr. , 283 Mont. 287, 939 P.2d 1011 (1997) (plaintiff made little progress in prosecuting case after nearly 10 years of litigation); Shackleton v. Neil , 207 Mont. 96, 672 P.2d 1112 (1983) (plaintiff made little progress in prosecuting case after seven years of litigation). ECI maintains it diligently prosecuted the case through July 2014, and argues the District Court thus should not have found it failed to diligently prosecute the case.
¶ 19 Diamond argues ECI's failure to act for 30 months is not diligence. It further argues the District Court knew the case's history when it dismissed the case.
¶ 20 Clearly, as Diamond argues, the District Court knew the case's history when it granted Diamond's motion to dismiss. Moreover, we fail to see how ECI's early diligence obviates its later two-and-a-half-year inattention.
¶ 21 ECI's case is unusual because ECI initially invested considerable time and effort, and received a favorable ruling, before it allowed this case to languish. However, ECI cites no law which would prohibit a court from dismissing a dormant case if the party had previously pursued it diligently. ECI's earlier actions do not change the fact that 30 months passed between its last filing and the District Court's order of closure, during which time the only action ECI took was a "preliminary draft" of a motion which it never filed.
¶ 22 ECI says it knows of no case in which we "affirmed the dismissal of a case where the plaintiff has successfully negotiated a resolution with one party, has received a liability ruling on summary judgment against the remaining second party, and discovery has been entirely completed, as is the case in the present matter." Tellingly, ECI also does not cite a similar case in which we reversed a dismissal. It would not surprise this Court if a factually similar case does not exist, in which, having received a favorable ruling on liability, the plaintiff utterly failed to pursue its claim for damages.
***183 ¶ 23 Our standard of review grants broad discretion to the District Court in ruling on a Rule 41(b) motion to dismiss. Lear , ¶ 16. Ho wever, the Dissent would reweigh the first Beck y fac tor and find it preponderates in ECI's favor. Although the District Court evaluated the complete record in considering this factor, the Dissent believes it nonetheless reached the wrong conclusion. The Dissent relies on Brymerski v. Great Falls , 195 Mont. 428, 636 P.2d 846 (1981), and, to a lesser extent, A.M. Welles, Inc. v. Mont. Materials, Inc. , 2015 MT 38, 378 Mont. 173, 342 P.3d 987, in support of its position. However, the facts of both are distinguishable, and the analysis of each supports the result reached by the District Court here.
¶ 24 In Brymerski , we reversed the District Court where it dismissed a case which had had some periods of little to no activity, but which was being actively prosecuted at the time the defendants moved for dismissal under Rule 41(b). Brymerski , 195 Mont. at 432, 636 P.2d at 848. In this case, which predated the Becky factors, we announced: "We adopt the rule that a motion to dismiss for failure to prosecute will not be granted if the plaintiff is diligently prosecuting his claim at the time the motion is filed, even if at some earlier time the plaintiff may have failed to act with due diligence." Brymerski , 195 Mont. at 432, 636 P.2d at 848-49.
¶ 25 Here, ECI had taken no action in this case for well over two years prior to Diamond's Rule 41(b) motion. Therefore, ECI was not diligently prosecuting its claim *695 at the time the motion was filed, and thus the District Court's ruling under the first Becky factor is consistent with the pre- Becky analysis as well. Moreover, Brymerski also recited the pre- Becky factor rule: "In Montana the law is well established that an action may be dismissed for failure of the plaintiff to prosecute if the action is not prosecuted with due diligence, absent a sufficient showing of excuse. " Brymerski , 195 Mont. at 431, 636 P.2d at 848 (citing Calaway v. Jones , 177 Mont. 516, 582 P.2d 756 (1978) ) (emphasis added). Here, ECI offered no excuse whatsoever. Therefore, the District Court cannot have abused its discretion in finding that "showing" insufficient.
¶ 26 Next, in A.M. Welles , we reversed a district court's dismissal under Rule 41(b) where the court ruled that the State, a plaintiff, failed to prosecute the case between the District Court's summary judgment ruling of January 25, 2010 until March 21, 2012, when a defendant moved for dismissal. A.M. Welles , ¶ 20. First, we noted that the evidence suggested the parties were engaged in settlement negotiations at least until November 2010. We held, "That a plaintiff ***184 is not filing motions or speaking in a courtroom does not necessarily mean the plaintiff is dawdling." Thus, we determined the State caused only a seventeen-month delay from November 2010 and April 2012, during which it did not respond to a settlement offer and failed to move forward with the case. A.M. Welles , ¶ 21. However, in examining the facts, we concluded that while the State offered "little excuse" for its conduct, the delay was not per se unreasonable given the "complex case involving multiple parties, contracts, and cross-motions." A.M. Welles , ¶ 22.
¶ 27 Here, there is no evidence ECI was engaged in settlement negotiations while the District Court case remained inactive; in fact, the evidence demonstrates that Diamond attempted to open negotiations and ECI ignored Diamond's invitation. Furthermore, while this litigation had arguably been complex at the beginning, it had become vastly simplified by the time ECI ceased to pursue it: At that point, ECI had obtained partial summary judgment in its favor and needed only to move forward against a single defendant on the issues of causation and damages. Therefore, A.M. Welles does not lead us to find an abuse of discretion here.
¶ 28 As to the second factor, the prejudice caused by the plaintiff's delay, the District Court also found this factor preponderated in Diamond's favor. An unreasonable delay raises a presumption of prejudice and shifts the burden to the plaintiff to show good cause or a reasonable excuse for inaction. Shackleton , 207 Mont. at 102, 672 P.2d at 1115 (citation omitted). Since ECI offered no reason for its inaction, the District Court determined it did not meet its burden to show good cause or a reasonable excuse for inaction.
¶ 29 ECI argues the District Court abused its discretion by finding the delay unreasonable, and it should have required Diamond to demonstrate that it was prejudiced. ECI argues the District Court incorrectly shifted the burden to ECI to demonstrate good cause.
¶ 30 Diamond responds that an unexcused delay creates a presumption of prejudice. Westland v. Weinmeister , 259 Mont. 412, 417, 856 P.2d 1374, 1377 (1993).
¶ 31 Here, ECI acknowledged it had "no explanation for the delay." The District Court was within its discretion to consider "no explanation" to be unexcused and therefore unreasonable. It thus properly shifted the burden to ECI to demonstrate either good cause or a reasonable excuse of its inaction. ECI demonstrated neither.
¶ 32 As to the third factor, the District Court ruled the availability of alternative sanctions did not weigh in either party's favor because any continued litigation would prejudice Diamond, while public policy ***185 prefers trial on the merits. The District Court noted ECI had suggested the "sanction" of a truncated scheduling order, but it did not understand how this would sanction ECI, as the order would affect both parties equally.
¶ 33 ECI argues dismissal was too harsh a sanction and maintains the District Court failed to recognize the adequacy of the alternative sanctions available to it. ECI offers that in Doug Johns Real Estate v. Banta , 246 Mont. 295, 805 P.2d 1301 (1990), we held that *696 merely setting the case for trial was an adequate remedy for a party's delay.
¶ 34 Diamond maintains there is no adequate sanction short of dismissal. It argues a "sanction" such as a truncated scheduling order would prejudice both parties equally. Although Diamond admits public policy favors hearing on the merits, it argues the District Court is not obligated to go to extreme lengths to keep a plaintiff's case alive.
¶ 35 We disagree with ECI that scheduling the case for trial is an adequate "sanction." Its reliance on Doug Johns Real Estate is misplaced. In that case, although the plaintiff filed nothing with the District Court for some time, the parties were otherwise actively engaged in settlement negotiations. Thus, we held that scheduling the case for trial was an alternate adequate remedy to dismissal. Doug Johns Real Estate , 246 Mont. at 298-99, 805 P.2d at 1303-04. Here, the only activity ECI engaged in after July 2014 was to create a "preliminary draft" of a summary judgment motion which was never filed. Thus, there is no similarity between the cases that would justify a similar sanction.
¶ 36 As to the fourth factor, a pre-dismissal warning, the District Court ruled this preponderated slightly in ECI's favor because it did not warn ECI prior to dismissal. The court reasoned that ECI did not claim to be unaware of M. R. Civ. P. 41(b) and § 25-1-104, MCA, and thus was on notice that a case could be dismissed for failure to prosecute.
¶ 37 On appeal, ECI argues the fourth factor clearly weighs in its favor.
¶ 38 Diamond acknowledges that ECI was not warned prior to dismissal, but argues that a warning is not a prerequisite to dismissal under M. R. Civ. P. 41(b).
¶ 39 We agree this factor weighs in ECI's favor since the District Court offered no warning. We find the District Court's rationale that this factor nonetheless weighs slightly against ECI because ECI's counsel should have been aware of § 25-1-104, MCA, and M. R. Civ. P. 41(b) unpersuasive. While the District Court correctly vacated its dismissal under § 25-1-104, MCA, for lack of warning and ruled that a warning was not required when it granted dismissal under Rule 41(b), the better practice would have been for the District Court to have followed ***186 the notice requirements of § 25-1-104, MCA, in the first place. As the Dissent points out, in his concurrence in Becky , Justice Weber stated that he believed a warning and the opportunity to prosecute "would have been entirely appropriate." Becky , 245 Mont. at 10, 798 P.2d at 1017. We do not disagree that a warning likewise would have been appropriate here. However, we have previously held that a warning is not a prerequisite to dismissal under Rule 41(b). Pool , 283 Mont. at 290, 939 P.2d at 1013 (citation omitted). Thus, it is not a prerequisite here, the District Court was not required to provide a warning, and it was therefore within the court's broad discretion not to provide one.
¶ 40 Therefore, consistent with the District Court's rulings, we find the first and second Becky factors weigh against ECI, the third factor weighs neither for nor against ECI, and the fourth factor weighs in ECI's favor. Having reviewed the record, we do not have the definite and firm conviction the District Court committed a clear error in weighing the factors. Doug Johns Real Estate , 246 Mont. at 298, 805 P.2d at 1303. Considering the factors in light of public policy considerations favoring a plaintiff's right to a hearing on the merits, balanced against the trial court's need to manage its docket and the general policy of encouraging prompt disposition of lawsuits, we do not find the District Court abused its broad discretion in dismissing ECI's claims.
¶ 41 2. Did the District Court abuse its discretion when it denied ECI's motion for relief under M. R. Civ. P. 60(b) ?
¶ 42 ECI argues the District Court abused its discretion when it denied ECI's Rule 60(b) motion. In the lower court, ECI alleged that the District Court made a mistake in its Rule 41(b) order, entitling it to relief under M. R. Civ. P. 60(b)(1). That Rule provides, "the court may relieve a party ... from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." ECI alleged that the District Court failed to properly consider the Becky factors-raising *697 the same arguments there that it raised here for Issue One.
¶ 43 Having considered, and rejected, those arguments above, we need not revisit them here. As in Issue One, we conclude here the District Court did not abuse its discretion when it denied ECI's motion for relief under M. R. Civ. P. 60(b).
¶ 44 3. Did the District Court err by granting partial summary judgment in ECI's favor on the issues of duty and breach?
¶ 45 Diamond has cross-appealed in this matter, arguing the District Court erred when it granted ECI partial summary judgment. Since we have upheld the District Court's dismissal of ECI's case, this issue is ***187 moot.
CONCLUSION
¶ 46 We conclude the District Court did not abuse its discretion when it dismissed ECI's case under M. R. Civ. P. 41(b). It further did not abuse its discretion when it denied ECI's motion for relief under M. R. Civ. P. 60(b). The issue of whether the court erred in granting ECI partial summary judgment is moot.
¶ 47 Affirmed.
We concur:
LAURIE McKINNON, J.
DIRK M. SANDEFUR, J.
JIM RICE, J.
Justice Beth Baker did not participate in the consideration of this appeal.