FILED

04/27/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0377

DA 20-0377

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 101N

MICHAEL HUMMERT,

      Plaintiff and Appellant,

   v.

JERRY CHRISTISON,

      Defendant and Appellee.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV-2007-530
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         David B. Gallik, Gallik Law Office, PLLC, Helena, Montana

      For Appellee:

         Curt Drake, Patricia Klanke, Drake Law Firm, P.C., Helena, Montana

Submitted on Briefs: March 3, 2021

Decided: April 27, 2021

Filed:

_____
               Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports. Michael Hummert appeals a First Judicial District Court order granting Jerry Christison's motion to dismiss for failure to prosecute under M. R. Civ. P. 41(b). We affirm.

¶2 Hummert, self-represented, filed a complaint on July 18, 2007, alleging Christison's horse caused Hummert injuries on July 24, 2004. Nearly three years later, on July 8, 2010, Hummert attempted to effectuate service by personally presenting Christison with an "Affidavit of Service," which Christison signed. On December 9, 2010, through counsel, Christison filed a Motion to Dismiss and Demand for Jury Trial; the motion was not, however, supported by a brief. After the complaint and "Affidavit of Service," this was the third document in the District Court file.

¶3 No party took further action on the matter for nearly nine years. Then, on August 28, 2019, Hummert, still representing himself, requested the District Court to issue an order deeming Christison's motion to dismiss without merit for lack of a supporting brief. Christison responded with an answer and demand for jury trial. Hummert obtained legal counsel. On Hummert's motion, the District Court ordered and held a scheduling conference and set a trial date. On December 16, 2019, Christison filed a new, properly

2

supported motion to dismiss pursuant to M. R. Civ. P. 4(t) and 41(b).  The District Court found that Hummert "has given no satisfactory reason for his failure to diligently prosecute his case" and had instead attempted to blame Christison for the delay, due to Christison's alleged "failure to timely take the next step in this litigation, to either file a supporting brief for his Motion to Dismiss, or his Answer to the Plaintiff's Complaint."  Finding the eight-year delay unreasonable, the District Court noted that "[i]t is the Plaintiff who has a duty to ensure the diligent prosecution of litigation, not the Defendant."  It granted Christison's motion to dismiss.

¶4     "A district court has broad discretion in ruling on a M. R. Civ. P. 41 motion to dismiss, and we will overturn its ruling only for an abuse of discretion."  *ECI Credit, LLC v. Diamond S Inc.*, 2018 MT 183, ¶ 13, 392 Mont. 178, 422 P.3d 691 (citation omitted).  "We will vacate a dismissal if, after reviewing the record, we are left with the definite and firm conviction that the district court committed a clear error in weighing the relevant factors."  *ECI Credit*, ¶ 13 (citation omitted).

¶5     M. R. Civ. P. 41(b) permits a district court to dismiss an action or claim when the plaintiff fails to prosecute it and the defendant moves for its dismissal.  We consider four factors when analyzing whether a district court's dismissal under this rule constitutes an abuse of discretion: "1) the plaintiff's diligence in prosecuting his claim; 2) the prejudice to the defense caused by plaintiff's delay; 3) the availability of alternate sanctions; and 4) the existence of a warning that the case is in danger of dismissal."  *Becky v. Norwest Bank Dillon, N.A.*, 245 Mont. 1, 8, 798 P.2d 1011, 1015 (1990).  "We consider these factors

3

in light of public policy considerations that favor a plaintiff's right to a hearing on the merits, balanced against the trial court's need to manage its docket and the general policy of encouraging prompt disposition of lawsuits." *ECI Credit*, ¶ 16.

¶6 The District Court relied almost entirely on the plaintiff's lack of diligence in supporting its decision; we agree that in this case it weighs heavily. From the time Hummert filed his "Affidavit of Service" on July 9, 2010, to the time he filed his request for the District Court to declare Christison's first motion to dismiss without merit on August 28, 2019, he took no discernable action on this matter. Hummert's lack of action includes not only that for eight and a half years he filed no motions or pleadings in the matter, but also that he does not point to any other actions that could be considered part of prosecuting a claim, such as holding settlement negotiations or conducting discovery. *See, e.g.*, *A.M. Welles, Inc. v. Mont. Materials, Inc.*, 2015 MT 38, ¶ 21, 378 Mont. 173, 342 P.3d 987*; Brymerski v. Great Falls*, 195 Mont. 428, 430, 636 P.2d 846, 848 (1981).

¶7 Hummert further presents no compelling excuse for his lack of diligence. *ECI Credit*, ¶ 25 (citing *Brymerski*, 195 Mont. at 431, 636 P.2d at 848). Hummert attempts to excuse his lack of diligence by relying on his status as a pro se litigant, claiming he never received Christison's original motion to dismiss in 2010 but responded to it once he learned of it in 2019. "While pro se litigants may be given a certain amount of latitude, that latitude cannot be so wide as to prejudice the other party, and it is reasonable to expect all litigants, including those acting pro se, to adhere to procedural rules." *Greenup v. Russell*, 2000 MT 154, ¶ 15, 300 Mont. 136, 3 P.3d 124 (citation omitted). Even a self-represented

4

plaintiff must demonstrate "active and diligent pursuit of the cause." *Puhto v. Smith Funeral Chapels, Inc.*, 2011 MT 279, ¶ 17, 362 Mont. 447, 264 P.3d 1142 (citation omitted). The latitude we afford pro se litigants does not extend so far as to permit over eight years of complete inaction on a person's own case.

¶8 We find unavailing Hummert's claim that he had no knowledge of Christison's motion. The record contains two affidavits signed by Hummert. The first, filed in support of his August 2019 request for the District Court to deem Christison's first motion to dismiss without merit, states that: "[a]lthough the Defendant's Motion to Dismiss has a certification that it was mailed to me, I did not receive a copy of it." Hummert filed his second affidavit in May 2020, as part of a motion requesting the District Court to alter its dismissal. In that affidavit, Hummert stated:

> I was further relieved when I received the December 09, 2010 response from the defense attorney. In reading the motion, it appeared to me that he was requesting the Court to take action, i.e. dismiss the case. The attorney's motion to dismiss further said he would follow up his request with a brief explaining his position. I was content to wait for his brief and the Court to follow with a decision as to whether the case should be dismissed . . . .

Hummert's second affidavit clearly indicates that he did receive the 2010 motion to dismiss yet did not take further action when the supporting brief never appeared. Even for a pro se litigant, it is not reasonable to wait more than eight years for a brief without making inquiry of defense counsel or the court.

¶9 Finally, Hummert argues that by the time Christison filed his second motion to dismiss, he had resumed litigating the case. We have held that a motion to dismiss should not be granted if the plaintiff has resumed diligent prosecution at the time the motion was

5

filed, even if there had been a lack of diligence earlier. *ECI Credit*, ¶ 24 (citing *Brymerski*, 195 Mont. at 432, 636 P.2d at 848-49). Hummert points to the numerous pleadings, motions, and orders filed in this matter before it was dismissed. Of those filings, Hummert filed only two before Christison's second motion to dismiss: a request for an order deeming Christison's first motion to dismiss without merit and a motion for scheduling conference. The remainder of the filings Hummert references either were filed with his request as supporting documents or were filed *after* Christison's second motion to dismiss was filed but before actual dismissal. Hummert has not demonstrated, after more than eight years' delay, he had resumed "diligent" prosecution at the time Christison filed his second motion to dismiss. Hummert has offered no reasonable excuse for his delay and has failed to demonstrate "diligence in prosecuting the claim" under the first factor of our analysis. *Becky*, 245 Mont. at 8, 798 P.2d at 1015.

¶10    "An unreasonable delay raises a presumption of prejudice and shifts the burden to the plaintiff to show good cause or a reasonable excuse for inaction." *ECI Credit*, ¶ 28 (citation omitted). As explained above, Hummert has failed to demonstrate a reasonable excuse for his inaction, and we therefore presume Christison is prejudiced by Hummert's inaction. Even without this presumption, however, Christison points out numerous ways in which Hummert's failure to prosecute the action prejudiced him, including that: memories have faded in the sixteen years since the underlying incident; the animals involved—if they are even still alive—would necessarily be in substantially different physical condition and temperament than they were sixteen years ago; and Hummert has

6

accrued sixteen years' worth of additional medical records and experienced subsequent intervening events that will need to be examined and untangled by medical experts at significant expense. We find these examples of prejudice compelling; the second *Becky* factor weighs heavily in favor of Christison.

¶11 Finally, we find the final *Becky* factors—availability of alternate sanctions and whether the District Court issued a warning that the case is in danger of dismissal—of little weight here. Hummert argues that the District Court set an appropriate sanction: scheduling the matter for trial. Though ordering a trial in some cases may be an appropriate remedy, the case Hummert cites for this principle, *Doug Johns Real Estate v. Banta*, 246 Mont. 295, 805 P.2d 1304 (1990), is distinguishable. In *Doug Johns*, the trial could be reduced to merely a question of law; here, substantial discovery and medical examination will be needed some sixteen years after the initial injury. *Doug Johns*, 246 Mont. at 299, 805 P.2d at 1304 ("the modest amount of damages sought perhaps did not merit discovery beyond presenting to the District Court a pure question of law as to whether the proffered purchase agreement met the terms of the listing agreement so as to entitle one party or the other to judgment"). Also in *Doug Johns,* the parties were actively engaged in settlement negotiations despite the lack of filings. *See ECI Credit*, ¶ 35 (citing *Doug Johns*, 246 Mont. at 298-99, 805 P.3d at 1303-04). And we have never held that a warning of dismissal is a necessary prerequisite for a Rule 41(b) dismissal. *See ECI Credit*, ¶ 39. In this case, given the heavy weight we afford the first two *Becky* factors, the

District Court's failure to warn Hummert of dismissal does not render its ruling an abuse of discretion. *ECI Credit*, ¶ 39.

¶12　We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Hummert's nearly decade-long lack of diligence in prosecuting his claim substantially prejudiced Christison, and no alternative sanctions or warning could cure that prejudice. The District Court did not abuse its broad discretion in dismissing the matter for failure to prosecute pursuant to M. R. Civ. P. 41(b). Its judgment is affirmed.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR