FILED

11/12/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0155

DA 24-0155

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2024 MT 269N

DANIEL R. WOOD,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-23-265C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Daniel R. Wood, Self-Represented, Lincoln, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Blake R. Koemans, Agency Legal Services Bureau, Helena, Montana

Audrey Cromwell, Gallatin County Attorney, LeeAnn Nicole Certain, Deputy County Attorney, Bozeman, Montana

Submitted on Briefs:  October 30, 2024

Decided:  November 12, 2024

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Daniel R. Wood appeals from the Eighteenth Judicial District Court, Gallatin County's March 1, 2024 Order Dismissing his Petition for Release of Confidential Criminal Justice Information ("CCJI"). We reverse and remand for proceedings consistent with this Opinion.

¶3 Wood was involved in a motor-vehicle accident in February 2021. After Sgt. Justin Chaffins interviewed Wood at the scene of the accident, Wood was charged with criminal possession of a controlled substance. That case was later dismissed.

¶4 On March 20, 2023, Wood petitioned the District Court, seeking evidence from the investigation, including Chaffins's body-worn microphone audio. The petition was served on the Gallatin County Attorney's office, but did not name the State or County Attorney as a party. Wood filed a motion for declaratory judgment on June 9, 2023, this time naming the State as a party. On June 14, 2023, the Gallatin County Attorney filed a response, asserting that Wood had not followed Gallatin County's established procedure for requesting CCJI, which involved filing an application with the County Support Services/Records Department. The Gallatin County Attorney asserted that the District

Court should dismiss Wood's petition for failing to follow the established procedure. The District Court dismissed Wood's petition on March 1, 2024.

¶5 We review a district court's ruling on a motion to dismiss for abuse of discretion. *ECI Credit, LLC v. Diamond S Inc.*, 2018 MT 183, ¶ 13, 392 Mont. 178, 422 P.3d 691. "An abuse of discretion occurs if a discretionary ruling is based on a mistake of law." *Mont. State Univ.-Bozeman v. Mont. First Judicial Dist. Court*, 2018 MT 220, ¶ 15, 392 Mont. 458, 426 P.3d 541.

¶6 The State concedes that the District Court abused its discretion when it dismissed Wood's petition for failing to follow Gallatin County's established procedure for seeking production of CCJI. While not conceding that Wood is necessarily entitled to the information he seeks, the State agrees that the manner by which Wood sought production is allowed pursuant to § 44-5-303(6), MCA, notwithstanding the procedure established by Gallatin County pursuant to § 44-5-303(5), MCA.[1] The District Court's March 1, 2024 Order is reversed and the case is remanded to the District Court for further proceedings consistent with this opinion.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents

---

[1] Wood also argues that he is entitled to reimbursement of his costs in filing this appeal, reassignment of the action to another judge, and sanctions against the County Attorney and the District Court. He does not cite any legal authority for these arguments and "[i]t is not this Court's obligation to develop parties' arguments for them." *City of Billings v. Peterson*, 2004 MT 232, ¶ 45, 322 Mont. 444, 97 P.3d 532. We decline to address these arguments.

no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ JIM RICE